### Kenneth Earl ASHABRANNER, Movant,

v.

### STATE of Missouri, Respondent.

### No. 12653.

Missouri Court of Appeals,
Southern District,
Division III.

Jan. 26, 1983.

J. Michael Mowrer, Dalton, Treasure & Mowrer, Kennett, for movant.

John Ashcroft, Atty. Gen., John B. Jacobs, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

On April 11, 1979, the movant represented by able counsel entered a plea of guilty to a charge of exhibiting a dangerous and deadly weapon and to a charge of possession of a dangerous and deadly weapon while intoxicated. He was sentenced to a term of three years on each charge, to run consecutively. His motion under Rule 27.26 attacking those sentences was denied after counsel was appointed but without an evidentiary hearing. By his sole point of error on appeal, the appellant contends that denial was improper because the motion alleged facts of ineffective assistance of counsel that required an evidentiary hearing.

The trial court is required to conduct an evidentiary hearing "if *issues of fact* are raised in the motion." (Emphasis added). Rule 27.26(e). The converse statement of that rule is that "[t]o qualify for an evidentiary hearing on a 27.26 motion the movant must meet the following requirements: 1) His motion alleges facts as opposed to conclusions, . . . ." *Haliburton v. State,* 546 S.W.2d 771, 773 (Mo.App.1977).

The basic rule applicable in determining the sufficiency of the movant's motion must first be noticed. When a plea of guilty has been entered, the adequacy of the representation by counsel is immaterial unless counsel has been so ineffective that the plea was not entered voluntarily and with understanding of the nature of the charge. *Rice v. State,* 585 S.W.2d 488 (Mo. banc 1979). Giving the movant's motion the broadest possible construction as an attempt to come within that rule, it was nevertheless properly denied without an evidentiary hearing.

The movant's first allegation of ineffectiveness is counsel's "failure to inter-

view the state witnesses before court." Choosing whether or not to interview the state's witnesses has been considered to be a matter of trial strategy. *Langston v. Wyrick*, 698 F.2d 926 (8th Cir. 1982); *Langston v. State*, 615 S.W.2d 501 (Mo. App.1981). The allegation does not name the witnesses that should have been interviewed. Movant does not state how he would have benefited from these interviews or what additional information would have been gained. His motion fails to show "that a more complete investigation by counsel would have uncovered substantial evidence." *Grant v. State*, 561 S.W.2d 739, 741 (Mo.App.1978). This allegation is entirely conclusory and raises no facts to even suggest his plea was involuntary. *Greenhaw v. State*, 627 S.W.2d 103 (Mo.App. 1982); *Grant v. State*, supra.

 The second allegation is counsel's "failure to submit motion for mental examination." "In the absence of some warning sign or suggestion of mental aberration, there is no duty on counsel to initiate an investigation of the mental condition of an accused." *Jones v. State*, 564 S.W.2d 933, 935 (Mo.App.1978). See *Sweazea v. State*, 588 S.W.2d 244 (Mo.App.1979). The motion does not plead the movant requested a mental examination or he exhibited any sign of mental disease or defect. The general allegation does not contain any facts supporting mental disease or defect as a defense or inability to enter an intelligent or voluntary plea. The motion does not plead how the results of a mental examination would have aided in his defense. Nor does it even hint the movant was unaware of the possibility of such an examination. This allegation does not set forth sufficient facts to qualify for an evidentiary hearing. *Sweazea v. State*, supra.

The final allegation is that movant's "attorney didn't use the full defense available at his disposal regarding under the influence of intoxicants." Again, there is no allegation of any facts that such a defense was available. The motion does not state the movant was not fully advised of the law concerning intoxication. The allegation does not state facts showing how counsel's failure to use the alleged defense renders those pleas and his sentences invalid. *Rice v. State*, supra. The judgment of the trial court is affirmed.

GREENE, C.J., and FLANIGAN and PREWITT, JJ., concur.