**John Stanley CZAJKA, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 47330.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 20, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1984.

Application to Transfer Denied
March 20, 1984.

Lenzie L. Leftridge, Jr., Flat River, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant appeals the summary denial of his Rule 27.26 motion. On his pleas of guilty he had been sentenced to consecutive terms of 15 years for second degree robbery and five years for escape from jail.

These two sentences were imposed after the state had reduced the basic charge from first to second degree robbery, and had dismissed the robbery charge against defendant's wife and two other felony charges against defendant.

By his denied motion defendant challenges its summary denial on two grounds. First, trial counsel failed to inquire into circumstances of the robbery charge. The

state responds this contention was refuted by the record. Second, defendant contends his plea was induced by unfulfilled promises as to his two sentences being concurrent for the purpose of parole. The state responds this contention was also refuted by the record.

■ The guilty-plea transcript refutes defendant's contention trial counsel failed to clearly explain the robbery charge against him. We note from the guilty-plea transcript the trial court explained in detail the multitude of rights defendant was waiving by his guilty plea. Specifically defendant admitted he had just spent much time with his counsel and was satisfied with counsel's advise and assistance. All this was under oath.

Defendant's motion is void of any showing what witnesses should have been interviewed and what useful information his counsel could have discovered. When such facts are not alleged an evidentiary hearing is not required. See *Ashabranner v. State,* 646 S.W.2d 147[2] (Mo.App.1983). This, coupled with defendant's statement under oath that he was satisfied with his counsel, further warranted denial of his first point.

■ By defendant's second point he contends he was entitled, for possible parole purposes, to have the two sentences considered as one for 20 years. He cites no authority for the trial court's power to so consolidate the separate fifteen and five year sentences. And, on his guilty plea defendant knew the two sentences were to run consecutively. How they were to be considered, for purposes of parole, lays within the judgment of the state board of parole. § 549.261 RSMo 1978.

Affirmed.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.