STATE of Missouri,
Plaintiff-Respondent,

v.

Fred Joe STEPHENS, a/k/a Freddie J.
Stephens, a/k/a Mike Carmichale,
Defendant-Appellant.

No. 13921.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 1985.

Motion for Rehearing or to Transfer to
Supreme Court Denied Oct. 15, 1985.

Application to Transfer Denied
Nov. 21, 1985.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Holly G. Simons, Columbia, for defendant-appellant.

GREENE, Judge.

Defendant, Fred J. Stephens, was jury-convicted of first degree robbery, § 569.-020,[1] and armed criminal action, § 571.015. The trial court found Stephens to be a prior offender, by reason of his having entered a plea of guilty to a prior robbery, and sentenced him to concurrent terms of 25 years' imprisonment on each charge.

Since no claim is made on appeal that the evidence was insufficient to sustain the convictions, it suffices to say that there was substantial evidence from which the jury could have found that Stephens, on October 4, 1983, obtained an unspecified amount of currency from George Major, a cashier at a Quik Shop convenience store in Joplin, Missouri, by means of pointing a .22 caliber pistol at Major and causing him to fear for his life if he did not comply with Stephens' demand for money.

Stephens' first claim of trial court error is that the procedures used in selecting the names to go in the jury box, to draw names from the box for the general panel and to excuse jurors "were not in substantial compliance with the statutes governing jury selection in second class counties."

We have examined the record and find the claim is meritless. We also note that nowhere in her brief does Stephens' attorney even allege where any deviation from the statutorily directed jury selection process *in this case* prejudiced any legal right of Stephens.

■ Since jury selection statutes are directory only, a defendant must show that he was prejudiced by any substantial deviation from the statutory selection process. *State v. Pettis*, 522 S.W.2d 12, 15 (Mo.App. 1975). No such showing was made here.

■ Stephens next claims trial court error in the denial of his motion to suppress his in-court identification by Major, claiming impermissible suggestiveness in a photo array of six mug shots and in a police lineup, prior to trial, which Major had viewed. Major picked out Stephens' photo as a picture of the man who robbed him. He also identified Stephens in a police lineup of six persons as the person who committed the robbery. An examination of the exhibits, consisting of the mug shots and a photograph of the lineup, does not indicate any suggestiveness from the pictures themselves that would have prompted Major to pick Stephens. There is nothing in the record to indicate that the police who were investigating the robbery suggested to Major that Stephens was the culprit.

■ In his testimony, Major said he had a full view of the robber, under good light, for a period of from five to seven minutes. Even if there was a question here of impermissible suggestiveness in the pretrial identification procedures, which there is not, there was a substantial independent basis for the in-court identification of Stephens by Major. That is enough. *State v. Young*, 534 S.W.2d 585, 589 (Mo.App.1976).

■ Stephens next asserts trial court error in refusing to allow three defense witnesses to testify that they had identified Stephens as the perpetrator of other robberies, but had subsequently recanted and identified Jan Don LaMont as the robber.

There is nothing in the record to indicate that LaMont committed any act linking him with the robbery for which Stephens was tried. This being so, the offered testimony was inadmissible. *State v. Umfrees*, 433 S.W.2d 284, 287–288 (Mo. banc 1968).

Stephens next claims instructional error contending the trial court failed to define

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rule are to Missouri Rules of Court, V.A.M.R.

"serious physical injury." That term was not used in instruction No. 6, the state's verdict directing instruction (MAI–CR2d 23.02), which reads as follows:

### INSTRUCTION NO. 6

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about October 4, 1983, in the County of Jasper, State of Missouri, the defendant stole money in the possession of Quik Shop, and

Second, that the defendant in doing so threatened the immediate use of physical force on or against George Major for the purpose of forcing George Major to deliver up the property, and

Third, that in the course of stealing the property, the defendant was armed with a deadly weapon,

then you will find the defendant guilty under Count I of robbery in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

However, the trial court, on its own motion in instruction No. 9 (MAI–CR2d 33.01), defined "deadly weapon" as used in instruction No. 6, as meaning "any firearm, loaded or unloaded, or any weapon from which a shot, readily capable of producing death or serious physical injury may be discharged, or a switchblade knife, dagger, billy, blackjack or metal knuckles." The trial court did not take the additional step of defining "serious physical injury." That term is defined in MAI–CR2d 33.01 as meaning "physical injury that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." Notes on Use 3 to MAI–CR2d 23.02 (state's verdict directing instruction No. 6) provide that if the term "serious physical injury" is used in "any of the instructions" then that term must be defined.

While this requirement seems utterly ridiculous in cases such as this, where the assailant is armed with a pistol, nevertheless, the requirement is part of Missouri law. The state concedes that the trial court erred in failing to define the term. The only remaining question for our review on the issue is whether the error is prejudicial. Rule 28.02(e).

▆ Trial court failure to follow the dictates of MAI–CR2d and its applicable notes on use is presumed prejudicial unless the contrary clearly appears from the facts and circumstances of the particular case. *State v. Murray*, 630 S.W.2d 577, 579–580 (Mo. banc 1982). Stephens cites *State v. Rodgers*, 641 S.W.2d 83 (Mo. banc 1982), and *State v. Ogle*, 627 S.W.2d 73 (Mo.App. 1981), as support for the proposition that failure to define the term "serious physical injury" is reversible error. *Rodgers* is a rape case in which the defendant choked his victim in order to make her submit to sexual intercourse. In *Ogle*, also a rape case, the victim testified Ogle had slapped her three times and had "drawn back his fist," and that she submitted because she was afraid.

Both Rodgers and Ogle were charged with rape by means of forcible compulsion. Forcible compulsion is defined as either a) physical force that overcomes reasonable resistance, or b) a threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of himself or another person. § 556.061(12).[2] Serious physical injury is defined by statute as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." § 556.061(26).[3]

The reviewing courts in *Rodgers* and *Ogle* opined that under the facts of those cases, the term should have been defined

2. 1984 Cumm.Supp.

3. 1984 Cumm.Supp.

because an ordinary person "would not give the term serious physical injury the meaning accorded it by statute." *State v. Rodgers*, supra, 641 S.W.2d at 85. *See also State v. Ogle*, supra, 627 S.W.2d at 76.

While we ponder why the legislature would pass a definitional statute using terms our supreme court has said that an ordinary person cannot understand, if such a judicial conclusion is accurate, we take statutes as we find them, and try to apply them to the facts, in hopes a coherent result may be attained. Here, Stephens obtained the money from Major by means of a .22 caliber pistol which he pointed at Major from a distance of about two feet. Obviously, a pistol is a deadly weapon, like a rifle, shotgun, or knife, which, if used, creates for victims a substantial risk of death, bodily impairment, or disfigurement. Where such a deadly weapon is used to accomplish a criminal purpose, failure by the trial court to define "serious physical injury," when that term is used in MAI–CR2d 33.01 as part of the definition of the term "deadly weapon," is not prejudicial since any juror in his right mind would know that a substantial risk of death, disfigurement, or protracted bodily impairment would occur if a person was shot or stabbed. *See State v. Allbritton*, 660 S.W.2d 322, 327–328 (Mo.App.1983), and *State v. Chaney*, 663 S.W.2d 279, 283–284 (Mo.App.1983).

We also observe that the robbery charge here was based on Stephens' use of a deadly weapon to accomplish his goal, and not on the infliction of "serious physical injury." It may be that in such instances, no definition of serious physical injury is required at all. *State v. Morgan*, 645 S.W.2d 134, 137 (Mo.App.1982). At any rate, we find no prejudice in the trial court's failure to give the definitional instruction in question.

In his final claim of error, Stephens asserts the trial court erred in finding him to be a prior offender because the state did not produce sufficient evidence to prove such fact. The state's proof on this issue consisted of a Newton County Circuit Court docket sheet in Case No. 661, styled *State of Missouri v. Freddie Stephens*, showing defendant plead guilty to "armed robbery" on March 4, 1977 and was placed on probation for a period of five years under supervision of the State Department of Probation and Parole. Probation Officer David Hamilton identified the defendant in this case as the same person who entered the 1977 guilty plea. No objection was made to the introduction into evidence of the docket sheet, nor to testimony that Hamilton had prepared a pre-sentence investigation in the 1977 case.

A prior offender, as defined in § 558.016.2,[4] "is one who has pleaded guilty to or has been found guilty of one felony." The docket sheet and testimony of Hamilton were sufficient to establish the fact that Stephens had previously entered a plea of guilty to the felony of "armed robbery." *State v. LaPlant*, 673 S.W.2d 782, 784–785 (Mo. banc 1984). *See also State v. Green*, 575 S.W.2d 211, 212 (Mo.App.1978).

Judgment and sentence affirmed.

TITUS, P.J., and FLANIGAN, J., concur.