**Harold COX, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 49973.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 29, 1985.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1985.

Application to Transfer Denied
Jan. 15, 1986.

Linda Vespereny, Public Defender, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Harold Cox has appealed the summary denial of his Rule 27.-26 motion. He based this on trial counsel's alleged failure to tell him about his right to rely on insanity as a defense.

In the trial court defendant had pled guilty to six sodomies and had been sentenced to prison as a prior felon to six concurrent six-year prison terms.

In his Rule 27.26 motion defendant pled generally his trial counsel was ineffective because he failed to tell defendant of his right to a psychiatric examination and to plead not guilty on that ground.

Under Rule 27.26(f) V.A.M.R. defendant had the burden to show his grounds for relief by a preponderance of evidence. Defendant failed in this because as ruled in *Shelley v. State*, 655 S.W.2d 126[4] (Mo. App.1983) he "did not allege what evidence would have been presented or to what witnesses would have testified. Therefore, the trial court did not err in denying movant an evidentiary hearing."

Under this authority the summary denial here was justified. However we look be-

hind defendant's pro se charge and consider his briefed point that his trial counsel had failed to tell defendant he could rely on insanity as a defense. This in the face of defendant's contrary statement to the court when pleading guilty. The transcript shows the trial court then asked defendant whether he had ever had any problems with his emotional or mental health, to which he responded "No". Thus the record is bare of anything limiting defendant's mental ability to plead guilty as charged.

This phase of movant's contention was ruled in *Ashabranner v. State*, 646 S.W.2d 147[3] (Mo.App.1983). Citing earlier cases the court ruled:

"The second allegation is counsel's 'failure to submit motion for mental examination.' 'In the absence of some warning sign or suggestion of mental aberration, there is no duty on counsel to initiate an investigation of the mental condition of an accused.' "

Affirmed.

REINHARD, P.J., and CRIST, J., concur.