**Robert B. CHITUCK, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 14069, 14071.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 3, 1985.

Kandice Johnson, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Jennifer H. Fisher, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant, Robert C. Chituck, was charged in separate two-count informations with first degree robbery and armed criminal action. The alleged basis for the charges was that Chituck and an accomplice forcibly stole money from two Jasper County stores, Buds Town and Country and the Quik Stop, with the assistance, use and aid of a deadly weapon, which was a pistol.

Pursuant to a plea bargain agreement, Chituck petitioned the trial court to allow him to plead guilty to the robbery and armed criminal action charges in the Buds Town and Country case, and to the robbery charge in the Quik Stop case. After a hearing, the trial court accepted guilty pleas by Chituck to the three charges covered by the plea bargain agreement, and sentenced him to 15 years' imprisonment on each charge with the sentences to run concurrently with each other and with other sentences imposed on Chituck after convictions on other charges in Newton and Jasper counties. The remaining armed criminal action charge still pending in the Quik Stop case was dismissed by the state as a part of the plea bargain agreement.

After he was incarcerated, Chituck filed two pro se Rule 27.26 [1] motions which, after appointment of counsel and amendment of the motion, sought to have all convictions and sentences vacated because of alleged ineffective assistance of trial counsel and failure of the trial court to determine that the criminal charges had a factual basis before allowing him to plead guilty, as required by Rule 24.02. The motions requested an evidentiary hearing on the allegations.

The motion court, after examining the record, including the transcript of the guilty plea proceedings and after hearing

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.

arguments from the attorneys for movant and the state, denied the relief requested in the motions, including the request for an evidentiary hearing. These rulings were incorporated in written findings of fact, conclusions of law, and judgments. Appeals were taken in each case and were consolidated here at the request of movant.

Chituck, in his sole point relied on, contends the motion court's action denying relief without evidentiary hearing was prejudicial error. The basis for this argument is his assertion that his motions charged that his trial counsel told him that he had waived his constitutional rights by confessing to the charges in question, had only conferred with him on two occasions prior to the entry of the guilty pleas, and had coerced him into pleading guilty through repeated threats of greater punishment if he did not enter guilty pleas to the charges, and that these actions on the part of his attorney constituted ineffective assistance of counsel in violation of his constitutional rights.

Our review is limited to a determination of whether the trial court's findings, conclusions and judgment are clearly erroneous. Rule 27.26(j). In undertaking such a review, we note that the adequacy of his legal representation is immaterial as long as Chituck's guilty pleas were knowingly and intelligently made, with a full understanding of his rights and remedies, in which case, such pleas are voluntary. *Ashabranner v. State*, 646 S.W.2d 147, 148 (Mo.App.1983).

The record indicates that Chituck executed a written petition to enter a plea of guilty and a memorandum of understanding of the plea bargain agreement in each of the cases. Chituck, who was 25 years old, and had an eighth grade education at the time, indicated that he had read and understood the documents and their contents. In the petitions, he stated his lawyer had counseled with him on the nature of each charge, and all possible defenses. He stated that no one had told him he would receive a lighter sentence if he pled guilty and that "[n]either I, nor any of my friends or loved ones, has been mistreated, threatened, coerced, or forced in any manner by anyone to get me to plead guilty...."

He also stated, "I believe that my lawyer has done all that anyone could do to counsel and assist me, and I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME," and that he wished to plead guilty to the charges, "... because I AM GUILTY." The petitions closed by saying, "I OFFER MY PLEA OF GUILTY FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INFORMATION AND IN THIS PETITION."

In the memorandum of plea bargain, which was accepted by the trial court, Chituck stated, "[t]here has been no force or threats of any type used against me to make me agree to this plea bargain. I am agreeing to this plea bargain of my own free will."

The transcript of the guilty plea hearing, consisting of 27 pages, conclusively shows that the trial court made a thorough inquiry as to whether Chituck 1) understood the nature of the charges against him, 2) was aware of the range of punishment upon conviction of each charge, 3) was aware of his constitutional rights, including the right to trial by jury if he wished to plead not guilty, and that his guilt must be proved beyond a reasonable doubt, 4) had been adequately represented by counsel, and 5) understood and agreed with the plea bargain agreement which resulted in the sentences given for the offenses to which he pled guilty.

Chituck, after being sworn to tell the truth, testified that he understood what was transpiring, that the statements he had made in his petitions to plead guilty were true, and that he understood the nature and basis for the robbery and armed criminal action charges, which were explained to him by the trial court. He also testified he had been advised of the range of punishment that could be imposed upon conviction of each charge, that he under-

stood he had all of the constitutional rights about which the court had advised him, and that he was satisfied with the services of his attorneys and could not think of anything they had not done that they should have done in his behalf. He provided the judge with details of the crimes, which included the use of a gun to force the custodians of money at the two stores to give cash to him and his accomplice. The plea bargain, which the guilty pleas and the sentences reflect, was explained to Chituck, who stated that he knew what the agreement was, and that he wanted to enter the guilty pleas in question.

Finally, he testified that no one had promised him anything, or had threatened him to induce him to plead guilty, but that he was entering his guilty pleas of his own free will and because he was guilty.

At the conclusion of the hearing, the trial court concluded that Chituck's guilty pleas were voluntarily and intelligently made, with a full understanding of the charges against him, and of the consequences of his guilty pleas. These conclusions are supported by the record.

The motion court, in its written findings and conclusions made in compliance with Rule 27.26(i), found that the allegations Chituck made in his 27.26 motion were clearly refuted by the record. That finding is supported by the record and is not clearly erroneous. Movant's prayer for 27.26 relief has no basis in fact or law and is meritless.

The motion court's orders in both cases denying relief without evidentiary hearing are affirmed.

TITUS, P.J., and FLANIGAN, J., concur.