**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Jimmy JONES, Defendant-Appellant.**

**No. 14167.**

Missouri Court of Appeals,
Southern District,
Division One.

July 22, 1986.

Motion for Rehearing or to Transfer to Supreme Court Denied Aug. 6, 1986.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Janet M. Thompson, Columbia, for defendant-appellant.

GREENE, Presiding Judge.

Jimmy Jones was jury-convicted of the felony of selling marijuana, § 195.020, RSMo Supp. 1984, and sentenced to five years' imprisonment in accordance with the recommendation of the jury.

On appeal, Jones first asserts that the trial court erred in denying his motion to quash the jury panel because the procedures used in Jasper County for selecting jury panels did not satisfy the statutes governing impanelling of juries in second class counties. *See* §§ 495.040–495.190, RSMo 1978. Specifically, Jones complains that the Jasper County procedures did not insure that each township had the requisite proportionate representation on the jury

list, did not provide for true random selection of the names to be placed on the list, used improper methods in excusing members of the jury panel who did not wish to serve because of business commitments, etc., and did not annually remove from the list the names of all persons who had served the preceding year.

The identical complaints raised here regarding the Jasper County jury selection process were raised by defense counsel in *State v. Stephens*, 699 S.W.2d 106, 107 (Mo.App.1985), where this court held that jury selection statutes are directory only and, absent a showing of prejudice stemming from a substantial deviation from the statutory jury selection process, there is no reversible error. No such prejudice is alleged here, much less proved. Based on the reasoning expressed in *Stephens*, the point is denied.

In his remaining point relied on, Jones contends there was insufficient evidence to support his conviction because "the marijuana introduced at trial was not shown to be the substance purchased from appellant."

Viewed in the light most favorable to sustain the jury verdict, the evidence was that on June 1, 1984, Jones sold two small bags of marijuana to Ernest Arrasmith, an undercover agent for the Jasper County Sheriff's Department. The purchase price was $45. The marijuana was later placed in the custody of Chief Deputy Larry Parrill. Parrill testified that Arrasmith gave him the marijuana which was to be used as evidence against Jones. Arrasmith, however, testified that on June 3, the marijuana was seized by a city police officer in Carthage, Missouri, after Arrasmith was stopped for suspicion of driving while intoxicated, and that the officer had given the marijuana to Parrill. The material in the bags was analyzed by Melyvn Mosher, a chemist employed by the Missouri Southern State College Regional Crime Laboratory, who testified that the material in the bags was marijuana.

Jones argues that because there was a discrepancy between the testimony of Parrill and Arrasmith as to who gave the two bags of material that was identified as marijuana to Parrill, a proper chain of custody of the marijuana was not established. For that reason, he contends that the marijuana should not have been admitted in evidence and, that absent such evidence, the state did not make a case.

"The sufficiency of evidence establishing a chain of custody is a matter addressed to the sound discretion of the trial court ... with a purpose of demonstrating there has been no improper tampering with the exhibit." *State v. Murray*, 630 S.W.2d 577, 581 (Mo. banc 1982). A proper chain of custody is established by "a reasonable assurance the exhibit is the same and in the condition when first found." *State v. Sherrill*, 657 S.W.2d 731, 736 (Mo.App. 1983). We further observe that a breach of the chain of custody rule is irrelevant where the exhibit is positively identified at trial. *State v. Mangan*, 624 S.W.2d 156, 157 (Mo.App.1981). Here, Arrasmith positively identified the two bags of marijuana tested by Mosher as the two bags he purchased from Jones. The chain of custody argument is not relevant, and the point has no merit.

Judgment affirmed.

TITUS and FLANIGAN, JJ., concur.