**Charles Dale SHAFER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14255.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 9, 1986.

William L. Webster, Atty. Gen., Michael R. Whitworth, Asst. Atty. Gen., Jefferson City, for respondent.

Holy G. Simons, Columbia, for appellant.

DONALD BARNES, Special Judge.

Movant, charged with capital murder, was, in 1977, following a jury trial, convicted of murder in the second degree and sentenced to life imprisonment. His conviction was affirmed by this Court, but the cause was transferred to the Missouri Supreme Court, which thereafter affirmed. *State v. Shafer*, 609 S.W.2d 153 (Mo. banc 1980).

In November of 1984, movant filed with the trial court his petition for relief under Rule 27.26. He appeals the trial court's denial of an evidentiary hearing upon his motion.

Movant claims the following:

1) He was prejudiced and was unconstitutionally denied a fair trial in that his jury did not represent a complete cross-section of the Jasper County residents;

2) His counsel was ineffective in that he did not object to the jury selection process used in Jasper County, which he alleges to be violative of §§ 495.060—495.120 RSMo and the Missouri and United States Constitutions;

3) He was prejudiced and denied a fair trial in that his counsel did not assert a defense of mental disease or defect excluding responsibility under Chapter 552 RSMo; and

4) His counsel was ineffective in failing to assert four non-raised points upon his motion for new trial.

The trial court conducted a hearing on the merits of an evidentiary hearing upon movant's allegations. Counsel for movant and the State appeared and argued their respective positions. The Court considered the pleadings and the transcript of movant's trial, and the decision of the Missouri Supreme Court upon movant's appeal of his conviction, *State v. Shafer*, supra, and denied an evidentiary hearing concluding no substantial issues of fact or law were raised requiring an evidentiary hearing. Upon our review of the record, we affirm.

In his first two points, movant claims procedures utilized by the jury commission in Jasper County in selecting names of residents going into the jury pool and the process of calling a jury panel and granting excuses for jury service do not comply with the controlling statutes.[1]

---

1. The allegations are that:

1) At the direction of the Court every "twentieth" registered voter's name is drawn from the list of voters in each voting precinct for the jury pool and that some precincts traverse township lines thereby, presumably, skewing the proportional representation by townships in the jury pool;

2) that to select potential jurors from voter registration lists only impermissibly excludes other qualified persons from consideration for jury service; and

3) in "extreme cases" the bailiff, who is in charge of summoning a panel, may exercise discretion granted by the Court in excusing a potential juror and that he calls jurors for any given trial from the panel list for the term beginning at the top of the list and proceeding down the list until he gets the requisite number required to make up a jury panel for the trial at

Movant does not allege that he did not know nor that he could not have known of the alleged frailties in the jury selection process in Jasper County prior to the commencement of his trial. He does not allege the jury panel of twelve (12) jurors ultimately selected for his trial, beyond the disproportional township representation, resulted in the prejudice of any of his legal rights.

 This Court has addressed the same issues in *State v. Stephens*, 699 S.W.2d 106 (Mo.App.1985). Statutes relating to the jury selection process are directory only. Deviations therefrom, if true, absent a clear showing of deprivation of constitutional rights and specific prejudice to the movant, do not entitle him to post trial relief under Rule 27.26. Except in cases where clear prejudice is shown, a defect in the jury selection process is not addressable in an action under Rule 27.26. *McGrath v. State*, 671 S.W.2d 420 (Mo.App. 1984); *Worthon v. State*, 649 S.W.2d 577 (Mo.App.1983); *Merritt v. State*, 635 S.W.2d 27 (Mo.App.1982); *Hemphill v. State*, 566 S.W.2d 200 (Mo. banc 1978).

Where movant has not shown a denial of any right or prejudice, his allegations of ineffective counsel are without merit.

In his third point, movant alleges his counsel did not assert a defense of mental disease or defect excluding responsibility. The record and movant's pleadings herein disclose movant was examined as to his mental condition by a doctor in Springfield and that although the physician's written report was not filed, movant's counsel consulted with the examining physician and concluded no defense existed on the basis of mental disease or defect and advised the trial court that movant would not change his plea to not guilty by reason of mental disease or defect. Moreover, as pointed out by the trial court, if movant's allegations are taken as true,

they are insufficient to establish the existence of a defense of mental disease or defect excluding responsibility and, therefore, no evidentiary hearing was required. *Ashabranner v. State*, 646 S.W.2d 147 (Mo. App.1983); *Greenhaw v. State*, 627 S.W.2d 103 (Mo.App.1982).

Movant's fourth point relating to the trial court's refusal to consider an untimely amendment to his motion for new trial was considered and ruled by the Missouri Supreme Court upon movant's appeal to that court and is rejected. *State v. Shafer*, supra, at 157–158.

The order of the motion court denying movant an evidentiary hearing is affirmed on all points.

GREENE, P.J., and HANNA, Special Judge, concur.

---

hand and thereby has the opportunity for his individual intervention into the selection pro-

