Paul WARREN, Movant-Appellant,

v.

STATE of Missouri,
Respondent-Respondent.

No. 52834.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 15, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 23, 1987.

Application to Transfer Denied
Dec. 15, 1987.

Elizabeth R. Brown, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from an order denying his Rule 27.26 motion without an evidentiary hearing. We affirm.

Pursuant to a guilty plea agreement, movant pled guilty on March 6, 1986, to two counts of first-degree sexual abuse and separate counts of sodomy and rape. The victims were movant's five- and six-year-old nieces. Under the plea agreement the state dismissed one sodomy count and one rape count. At the guilty plea hearing, the prosecutor stated he had evidence that movant was a prior and persistent offender which would permit sentence enhancement if movant were convicted by a jury. The court ordered a presentence investigation. In accordance with the plea agreement, movant was sentenced on April 25, 1986, to concurrent terms of five years' imprisonment on the sexual abuse counts and consecutive terms of five years' imprisonment on the sodomy and rape counts for a total of fifteen years.

Movant filed a pro se Rule 27.26 motion, amended following appointment of counsel, in which he alleged that ineffective assist-

ance of counsel rendered his guilty pleas involuntary. Specifically, he alleged that his attorney met with him for only 15 minutes prior to his entering of the guilty pleas, and "had [counsel] met with movant for more than 15 minutes, he would have been able to evaluate movant's ability to fully understand the consequences of his plea." Movant also alleged that counsel "failed to interview family members and attending doctors" and "[h]ad counsel observed movant and investigated the case he would have learned through interview and personal observation" that movant suffered brain damage as a result of a fall from a height of three stories at a construction site in 1973, that movant suffered severe head injuries in an automobile accident about two years after the fall that left him "impaired to the point that writing and simple reasoning became a task," and, had counsel discovered this information, he could have advised the court that movant was incapable of assisting in his own defense and in making knowing and intelligent pleas of guilty.

Movant also alleged that he had a ten-year history of "mind altering drug abuse;" that he had received treatment at various institutions for his drug problems on several occasions, including one occasion immediately prior to his arrest; and that participation in a drug rehabilitation program demonstrated that he was "not capable of assisting in his defense, nor was he capable of making a knowing and intelligent plea...." Therefore, movant asserted, his counsel should have requested, and the trial court should have ordered, a psychiatric evaluation of him.

The motion court denied movant's Rule 27.26 motion without an evidentiary hearing. In its order, the motion court stated that:

> Movant complains that he had a mental defect as a result of a fall in 1973 that made him incapable of entering a voluntary plea, and further, counsel should have requested a psychiatric evaluation of Movant. The transcript of the guilty plea hearing refutes those allegations. At said hearing Movant stated that his only allegation of a mental disease or

illness involved treatment for drug and alcohol addiction which he stated were cleared up after said treatment. During the guilty plea hearing Movant makes no mention of a fall or accident causing a mental problem.

The motion court also found that the transcript of the guilty plea hearing refuted movant's allegations about the lack of time his attorney spent with him.

In his sole point on appeal, movant alleges the motion court erred in denying him an evidentiary hearing because, he contends, he "pleaded sufficient factual allegations of ineffective assistance of counsel to warrant said hearing; in that [movant's] waiver of appeal was not voluntarily, knowingly and intelligently made as [movant] demonstrated that he had a history of mental problems prior to his plea."

Our review is limited to determining whether the conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must: (1) allege facts, not conclusions, which, if true, would warrant relief; (2) those facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Chapman v. State*, 720 S.W.2d 17, 18 (Mo.App. 1986). When an ineffective assistance of counsel claim is based on counsel's alleged failure to investigate, movant must allege "what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved [movant's] position." *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of

the plea. *Porter v. State*, 678 S.W.2d 2, 3 (Mo.App.1984). Movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State*, 613 S.W.2d 863, 867 (Mo.App.1981).

The following excerpts from the transcript of movant's guilty plea hearing are pertinent:

Q. And did you have a job before you were arrested?

A. Yes, well, I worked off and on before I became disabled. I fell three stories and have had a bad leg.

. . . .

Q. Have you ever been treated by any hospital or doctor for any mental illness or disease?

A. Yes, sir.

. . . .

Q. When was that?

A. That was last year, September 25th—I put myself in a Care Unit to get off drugs and alcohol.

Q. And were you successful?

A. Yes, sir.

Movant then stated his attorney had told him to tell the truth, that he had given his attorney the names of potential witnesses who might be helpful and that his attorney had contacted them, and that he was satisfied with his attorney's investigation and the amount of time the attorney had spent with him. Movant admitted he had committed the acts as alleged and that he was pleading guilty because of the plea agreement.

Movant apparently would place on his attorney a duty to learn, "through interview and personal observation," about movant's alleged head injuries and their effect on him. This would go beyond the "reasonable investigation" requirement of *Rice*. It is not incumbent upon counsel to pry out of movant "every facet of his past life, on the chance that an exhaustive interrogation might possibly elicit some pertinent fact." *Chapman v. State*, 506 S.W.2d 393, 395 (Mo.1974). Absent "some warning sign or suggestion of mental aberration" counsel has no absolute or routine duty to initiate an independent investigation of a defendant's mental condition. *Id.*

In *McDonald v. State*, 572 S.W.2d 633 (Mo.App.1978), a case in which the motion court held a hearing, we noted that the fact of a prior commitment to a mental hospital or the existence of considerable emotional disturbance, alcoholism, or drug addiction does not make a defendant incompetent to stand trial. *Id.* at 635. Nor does the existence of such facts, per se, require a defense attorney to request, or a trial court to order, a psychiatric evaluation of a defendant. Missouri appellate courts have affirmed several motion court denials of evidentiary hearings on facts similar to those before us. *See, e.g., Cox v. State*, 701 S.W.2d 559 (Mo.App.1985); *Ashabranner v. State*, 646 S.W.2d 147 (Mo.App. 1983); *Ginnery v. State*, 645 S.W.2d 202 (Mo.App.1983); *Sweazea v. State*, 588 S.W. 2d 244 (Mo.App.1979).

Nothing in movant's motion alleges that he, by word or conduct, alerted his counsel to any mental infirmity save the statement that movant's head injuries "impaired [him] to the point that writing and simple reasoning became a task...." Nothing in the record supports the statement in his brief that he "repeatedly informed his counsel prior to his guilty plea [that he] suffers from brain damage due to a fall." The record also refutes movant's claim that his counsel spent an inadequate amount of time with him.

Nor does movant allege that he said or did anything at his guilty plea hearing to cause the trial judge to question his competence to enter pleas of guilty. In his comments at the guilty plea proceeding about his recent treatment for drug and alcohol abuse, movant stated that the treatment was successful. In his statement about a fall, he referred only to a leg injury, not a head injury.

At sentencing, the trial court had before it the presentence investigation report and evidence of convictions in other cases subsequent to the alleged 1973 injury. Seven weeks had passed between the guilty plea and sentencing, a period of time during which movant would have had opportunity to complain about his attorney's perform-

ance or about the guilty plea proceedings. We agree with the motion court that movant's complaints are refuted by the record as was the case in *Cox*, 701 S.W.2d 559.

Judgment affirmed.

DOWD and GARY M. GAERTNER, JJ., concur.