Robert Daniel SPROUSE, Appellant,

v.

STATE of Missouri, Respondent.

No. 53814.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 25, 1988.

Application to Transfer Denied
July 26, 1988.

Michael David Burton, Dorothy Mae Hirzy, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. Movant was convicted of first degree murder pursuant to a guilty plea and sentenced to life imprisonment. We affirm.

■ To warrant an evidentiary hearing, movant must allege facts, not conclusions, which, if true, warrant relief, and which are not refuted by the record; and the matters complained of must have resulted in prejudice to movant. *Thomas v. State*, 736 S.W.2d 518, 519[1] (Mo.App.1987).

■ Movant argues he was entitled to an evidentiary hearing on two of the grounds stated in his 27.26 motion and amendments thereto. First, movant alleges his conviction should be vacated because the State failed to follow through with part of its promises pursuant to a plea bargain.

An examination of the record discloses the guilty plea resulted from the following concessions: movant promised to testify for the State in the trial of his partner in crime, and the State promised to reduce the charge against movant to first degree murder and further agreed movant would "serve a term in the penitentiary outside of the State of Missouri...."

Movant was sentenced pursuant to the plea agreement. He admits he was imprisoned in Iowa from October 27, 1982 to March 16, 1987, pursuant to the agreement. However, movant contends this agreement was violated when he was returned to Missouri to complete his prison term.

In effect, movant does not challenge the legality of his original sentence, but the execution of that sentence by the public officials in charge thereof. Relief under Rule 27.26 is limited to defects which led to the original sentencing. Rule 27.26; *Love v. State*, 715 S.W.2d 260, 261[2] (Mo.App. 1986). A 27.26 action is not the proper remedy to force public officials to implement a sentence properly imposed by the court. *Stout v. State*, 745 S.W.2d 237, 238[1] (Mo.App.1987). Therefore, this point is denied.

■ Movant next contends the allegation in his motion relating to ineffective assistance of counsel warranted an evidentiary hearing and further challenges the adequacy of the motion court's findings in this regard.

Regarding movant's charge of inadequacy of the findings, we hold the motion court's findings are in compliance with Rule 27.26(i) because they are sufficient to enable us to make a determination as to the accuracy of the trial court's action. *Jones v. State*, 604 S.W.2d 607, 609[3] (Mo.App. 1980).

■ Regarding movant's allegation of ineffective assistance of counsel, when a guilty plea is entered, the adequacy of counsel is material only if it affects the voluntariness and understanding with which the plea was given. *Ashabranner v. State*, 646 S.W.2d 147, 148[1] (Mo.App. 1983).

In his second amended 27.26 motion, movant claims his counsel was ineffective by refusing to obtain a psychiatric evaluation of him. Movant alleges his counsel never attempted to use the insanity defense, despite his repeated requests, and states his counsel was aware of his psychological problems as well as his severe cocaine addiction.

■ In general, "[i]n the absence of some warning sign or suggestion of mental aberration, there is no duty on counsel to initiate an investigation of the mental condition of an accused." *Id.* An examination of the guilty plea transcript shows movant understood the proceeding and his rights therein. He denied being under the influence of drugs or alcohol at the hearing. Even if we accept as true movant's allegation that he was addicted to cocaine, this alone does not render his guilty plea involuntary. *Smith v. State*, 674 S.W.2d 634, 636[3] (Mo.App.1984). There must be a showing the addiction affected the understanding or the voluntariness with which

the plea was entered. Thus movant's allegation in this regard must fail.

Movant's final contention that his counsel denied his repeated requests for a psychiatric evaluation in support of an insanity defense is also refuted by the record. Movant testified at his guilty plea hearing he was satisfied with his counsel's representation and had no complaints about her. A reading of the guilty plea transcript shows movant to be an articulate young man who entered a plea of guilty voluntarily and with an understanding of his rights under the law.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.