**744**

Jim Lee MOORE, Appellant,

v.

STATE of Missouri, Respondent.

No. 16255.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 29, 1989.

Motion for Rehearing or Transfer to
Supreme Court Denied
Dec. 20, 1989.

Application to Transfer Denied
Feb. 13, 1990.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

On January 27, 1983, Jim Lee Moore ("movant") entered a plea of guilty to murder in the second degree. § 565.004, RSMo 1978. After a presentence investigation he was sentenced to life imprisonment. On April 18, 1986, he filed a motion to vacate the conviction and sentence per Rule 27.26, Missouri Rules of Criminal Procedure (17th ed. 1986).[1] The circuit court denied the motion without appointing counsel. On appeal by movant to this Court the judgment denying the motion was reversed and the cause was remanded to the circuit court. *Moore v. State,* 728 S.W.2d 686 (Mo.App. 1987).

On remand, counsel was appointed and an amended motion to vacate was filed. The circuit court, henceforth referred to as "the motion court," ultimately entered findings of fact and conclusions of law denying relief without an evidentiary hearing. The instant appeal followed.

Movant's brief presents one point:

"The motion court clearly erred in denying [movant's] Rule 27.26 motion ... without granting an evidentiary hearing ... because the record leaves a firm conviction that a mistake has been made ... in that [movant] pleaded factual allegations which, if proved, would warrant relief and which are not refuted by the record, since [movant] alleged that he received ineffective assistance of counsel leading to an involuntary plea of guilty because counsel failed to advise him of the defense of mental disease or defect,

---

1. Rule 27.26 was repealed effective January 1, 1988. Missouri Rules of Court (19th ed. 1988), p. 142. Movant's action continues to be governed by former Rule 27.26, as movant's sentence was pronounced prior to January 1, 1988, and his motion to vacate it was pending prior to January 1, 1988. Rule 24.035(1), Missouri Rules of Criminal Procedure (20th ed. 1989).

even though [movant's] prior mental evaluations should have raised a concern that [movant] suffered from a mental disease or defect excluding responsibility."

The record shows that movant was originally charged with capital murder. § 565.001, RSMo 1978. A plea agreement was reached whereby the charge would be reduced to murder in the second degree, movant would enter a plea of guilty, the prosecutor would recommend a sentence of life imprisonment, and the prosecutor would file no other charges against movant based on the incident out of which the murder charge arose.

Movant signed a petition to enter a plea of guilty to murder in the second degree. Pertinent to movant's claim of error in this appeal the petition contained the following:

"....

6. My attorney has counseled and advised with me on the nature of each charge, on all lesser included charges, if any, and on all possible defenses that I might have in this case.

....

15. I believe that my attorney has done all that anyone could do to counsel and assist me, and I AM SATISFIED WITH THE ADVISE [sic] AND HELP HE HAS GIVEN ME....

....

17. I have not in the past suffered from any mental disease or illness and have never been treated by a doctor or psychiatrist for a mental or emotional condition other than: None

...."

The transcript of the guilty plea proceeding—during which movant was under oath—contains, among other dialogue, the following:

"Q. [By the Court] Your name is Jim Lee Moore?

A. Yes, sir.

....

Q. Mr. Walter,[2] your attorney, has handed me a Petition to Enter a Plea of Guilty and I assume that you went over that Petition with him, is that correct?

A. Yes, sir.

Q. Did you understand all the questions which he asked you and which were contained in the Petition?

A. Yes, sir.

....

Q. Can you read and write?

A. Yes.

Q. Did you read the Petition?

A. Yes.

....

Q. Did you answer all of the questions truthfully?

A. Yeah.

Q. How old are you, sir?

A. Nineteen.

Q. Have you ever suffered from any mental disease or defect which would affect your ability to know and understand what we're doing here this afternoon?

A. No, sir.

....

Q. Did any doctor ever hospitalize you for any condition which he considered a mental condition or mental deficiency?

A. No, sir.

....

Q. Now, your attorney, Mr. Scott Walter ... I would like to inquire of you as to how you feel about his representation of you. Do you have any complaint about his representation?

A. No, sir.

Q. Do you understand that if you have any complaints you should inform me at [this] time?

A. Yes.

....

Q. Has he done everything that you told him to do?

A. Well, he's done what I asked him to do.

Q. Well, has he failed or refused to do anything which you asked him to do?

A. No, sir.

---

2. Public Defender Scott E. Walter of Judicial Circuit 33.

. . . .

Q. And are you satisfied that he has competently represented your interests in this case?

A. Yes.

Q. Has he told you to lie to me this afternoon?

A. No, sir.

Q. Told you to tell me the truth?

A. Yes, sir.

. . . ."

At the conclusion of the above proceeding the judge, henceforth referred to as "the plea court," found that movant's plea of guilty was entered freely, knowingly and voluntarily.

Movant's pro se motion to vacate averred, insofar as pertinent to this appeal, that there was at least a strong likelihood that he was and is suffering from a "major mental disorder, and is perhaps psychotic" as demonstrated in the presentence investigation report, that said report stated movant had a history of social problems and was tested by a psychiatrist while he was a juvenile and was found to possess "pre-psychotic" tendencies, and that lawyer Walter, henceforth referred to as "defense counsel," was ineffective in failing to inform movant of appropriate defenses such as not guilty by reason of mental disease or defect excluding responsibility, or diminished capacity. The pro se motion further alleged movant would testify defense counsel told him that the fact he had a history of psychotic behavior was irrelevant, that it would only serve to anger the judge, that movant was possibly an insane criminal, and that he was not to mention his prior mental condition to anyone.

Movant's amended motion to vacate contained similar allegations and added that defense counsel was also ineffective in failing to request a psychiatric evaluation for movant. The amended motion asserted that movant would not have pled guilty to murder in the second degree had he known his mental condition could either reduce or eliminate his responsibility for his actions.

The motion court's findings of fact pertinent to the above allegations were:

" . . . .

9. That the Movant was asked by the [plea] court whether he was suffering from any mental disease or defect and Movant indicated that he was not suffering from any mental disease or defect and that he had never been hospitalized for any such mental disease or defect and that he understood what he was doing at that time. . . .

10. That the Movant throughout the entire pleading process on January 27, 1983, admitted to the court that he understood what was being done at that time. . . .

11. That the transcript and records specifically show that Movant's counsel had discussed the matter and all possible defenses with Movant. . . .

12. That Movant specifically stated that he was satisfied with his attorney and that he had been competently represented in this case by Mr. Scott Walter and that he had no complaints with regard to the representation provided by Mr. Walter in this case. . . ."

The motion court, in its conclusions of law, held that the plea court had determined on the day the plea was entered that movant had never suffered from a mental disease or defect, that movant's complaint of ineffective assistance of counsel regarding movant's alleged mental condition was refuted by the records, and that movant was consequently not entitled to an evidentiary hearing on that issue.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Futrell v. State,* 667 S.W.2d 404, 405[1] (Mo. banc 1984).

Movant, at the outset of his argument, acknowledges that to be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking postconviction relief must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the prisoner. *Boggs v. State,* 742 S.W.2d 591, 594[1] (Mo.App.1987); *Mannon v. State,*

727 S.W.2d 936, 938[1] (Mo.App.1987); *Baker v. State*, 680 S.W.2d 278, 281[3] (Mo. App.1984).

Movant insists the following allegations entitled him to an evidentiary hearing on the issue of ineffective assistance of counsel: (1) defense counsel did not advise movant of the defense of not guilty by reason of mental disease or defect excluding responsibility, despite knowledge by counsel that movant had previously been determined to have psychotic tendencies, (2) there is a strong likelihood that movant suffered from a mental disease or defect and was psychotic at the time of the offense, and defense counsel was ineffective for failing to inform movant of the defense of not guilty by reason of mental disease or defect because the presentence investigation report stated movant had a history of social problems and as a juvenile was found to possess pre-psychotic tendencies, (3) defense counsel told movant his history of psychotic behavior was irrelevant to his case and he should not mention his prior mental condition to anyone, and (4) defense counsel did not seek a mental evaluation for movant despite the fact that prior evaluations had indicated movant had a tendency toward psychotic behavior. Movant maintains these allegations, if proven to be true, would entitle him to relief, as defense counsel's ineffectiveness would have resulted in movant "unknowingly foregoing a viable defense."

Movant asserts that the fact he testified at the guilty plea proceeding that he had no mental disease or defect and had never been hospitalized for one does not defeat his claim, as he has alleged defense counsel told him not to mention his prior mental evaluations to anyone. Movant argues that this conversation between him and defense counsel does not appear on the record, thus the allegation is not refuted by the record.

Neither side cites a case with facts comparable enough to be controlling, and we are unable to find one. There are, however, cases with some similarities.

In *Sprouse v. State*, 752 S.W.2d 386 (Mo. App.1988), an accused pled guilty to first degree murder and was sentenced to life imprisonment. His motion to vacate the conviction under Rule 27.26 was denied without an evidentiary hearing. On appeal the accused maintained, among other things, that he was entitled to an evidentiary hearing on his allegation that his lawyer rendered ineffective assistance by refusing to obtain a psychiatric evaluation of the accused, that the lawyer never attempted to use the insanity defense despite the accused's repeated requests, and that the lawyer was aware of the accused's psychological problems. Rejecting the argument, the Eastern District of this Court held that the contention was refuted by the record, as the accused had testified at the guilty plea hearing that he was satisfied with his lawyer's representation and had no complaints about the lawyer. *Id.* at 388.

In *Cox v. State*, 701 S.W.2d 559 (Mo.App. 1985), the accused moved under Rule 27.26 to vacate a conviction and prison sentences resulting from pleas of guilty. His motion alleged his lawyer rendered ineffective assistance by failing to tell him of his right to a psychiatric examination and to plead not guilty on that ground. The circuit court denied relief without an evidentiary hearing. The Eastern District of this Court affirmed, holding that the accused had failed to allege what evidence would have been produced. The opinion added that the accused, during the guilty plea proceeding, was asked by the judge whether he had ever had any problems with his emotional or mental health, to which he responded, "No." Thus, said the opinion, the record is bare of anything limiting the accused's mental ability to plead guilty as charged. *Id.* at 560.

There is more in the record of the instant case contradicting movant's allegations than there was in the records in *Sprouse* and *Cox*. Movant's written petition to enter a plea of guilty stated unequivocally that defense counsel had advised movant about all possible defenses he might have, that movant believed defense counsel had done all anyone could, that movant was satisfied with the advice and help defense counsel had given, and that movant had

never suffered from any mental disease or illness, nor had he ever been treated by a doctor or psychiatrist for a mental or emotional condition.

During the guilty plea proceeding movant solemnly confirmed to the plea court, under oath, that he had never suffered from any mental disease or defect that would affect his ability to know and understand what was occurring in court, that no doctor had ever hospitalized movant for any condition which he considered a mental condition or mental deficiency, that movant had no complaint about defense counsel's representation, that movant understood any complaint he had should be registered at that time, that defense counsel had done everything movant asked him to do, that defense counsel had not told movant to lie at the guilty plea proceeding, and that defense counsel had told movant to tell the truth.

The above admissions totally contradict movant's averments in the motion court.

An analogous situation was presented in *Pines v. State*, 778 S.W.2d 724 (Mo.App. E.D. banc, 1989), where an accused pled guilty to two felonies and received consecutive prison sentences. He subsequently moved under Rule 24.035, Missouri Rules of Criminal Procedure (19th ed. 1988), to vacate the judgment, averring his plea was induced by his lawyer's false assurance that he would receive concurrent sentences. The accused further alleged his lawyer instructed him to lie when asked by the judge whether any promises had been made to him. The circuit court denied relief *without an evidentiary hearing* on the basis that the allegations were refuted by the transcript of the plea hearing, which showed that the accused, under oath, told the judge his lawyer had done everything he asked, that no threats or promises had been made to him in order to obtain the plea, and that no one had told him to say anything but the truth during the proceeding. The accused further acknowledged to the judge that his lawyer had told him the prosecutor would recommend the sentences be ordered to run consecutively. The Eastern District of this Court upheld the circuit court, holding that

the record refuted the accused's allegations. The opinion stated it was well settled that a mere allegation that a prisoner's attorney told him to lie at his guilty plea hearing does not entitle the prisoner to an evidentiary hearing. As authority for that proposition the opinion cited *LaRose v. State*, 724 S.W.2d 339, 340 (Mo.App.1987).

The opinion in *Pines* had the concurrence of eight judges besides its author. Three judges dissented, maintaining the accused's allegations required an evidentiary hearing. The dissenters, however, would have concurred had the sentencing judge (a) asked the accused, on the record, whether his willingness to plead guilty resulted from a plea agreement whereby the prosecutor would recommend consecutive sentences, and (b) told the accused, on the record, that the judge intended to sentence him in accordance with the prosecutor's recommendation.

In *LaRose*, 724 S.W.2d 339, cited in *Pines*, the accused pled guilty per a plea agreement wherein the prosecutor dismissed a pending case and did not oppose probation. The circuit court sentenced the accused to seven years' imprisonment. The accused moved under Rule 27.26 to vacate the conviction, alleging his lawyer had promised him he would get probation and told him to lie at the guilty plea hearing. The circuit court denied relief without an evidentiary hearing. The Eastern District of this Court affirmed, holding that the accused's allegation he was promised probation was refuted by the record in that the judge informed the accused at the time of the plea that no promises or recommendations concerning probation were binding upon the judge and the accused could receive any punishment within the range provided by law. *LaRose*, 724 S.W.2d at 340. The opinion added that the accused's allegation he had lied at the guilty plea hearing was refuted by the record of the plea proceeding where the accused replied affirmatively to a question about whether he had answered truthfully. *Id.*

There is arguable logic in movant's premise in the instant case that the record of the guilty plea proceeding cannot refute his

allegations that defense counsel knew movant had previously been determined to have psychotic tendencies, that defense counsel told movant his history of psychotic behavior was irrelevant to his case, and that defense counsel advised movant he should not mention his prior mental condition to anyone. Movant, in his pleadings in the motion court, alleges, in essence, that he lied under oath to the plea court about those subjects but is telling the truth now. His thesis is that he is entitled to an evidentiary hearing where he can prove that his answers in the plea court were perjurious and that his present allegations, which are completely contradicted by the guilty plea record, are true. His argument, as we comprehend it, is that he is entitled to have a fact finder determine whether he was telling the truth at the guilty plea proceeding or whether he is telling the truth now in his pleadings in the motion court, an issue that cannot be resolved merely by saying that his present allegations are refuted by the guilty plea record.

The frailty in movant's position is that the cases we have discussed have uniformly rejected such an argument. All of them have upheld the denial of post-conviction relief without an evidentiary hearing where the record of the guilty plea proceeding contains answers by the prisoner that unequivocally contradict—refute, if you will—the prisoner's post-conviction allegations.

Movant cites no Missouri case, and we find none, holding that an evidentiary hearing is required in a post-conviction proceeding where a prisoner's post-conviction allegations are wholly and conclusively contradicted by the record of the guilty plea proceeding.

In the instant case movant's post-conviction allegations about his mental condition, together with his averment that defense counsel told him to conceal it in the plea court, are completely and categorically refuted by his petition to enter the plea of guilty and his answers to the plea court's questions during the guilty plea proceeding. The motion court so found. We hold that the motion court's findings, conclu-

sions, and judgment are not clearly erroneous.

Furthermore, nowhere in his pleadings in the motion court did movant allege that at the time of the homicide he was suffering from a mental disease or defect that (a) prevented him from knowing or appreciating the nature, quality or wrongfulness of his conduct, or (b) rendered him incapable of conforming his conduct to the requirements of law. That was the test of responsibility for criminal conduct at the time of the homicide here. § 552.030.1, RSMo Cum.Supp.1980. Movant consequently failed to allege facts which, if true, would have shown defense counsel overlooked a viable defense. That being so, no evidentiary hearing was required.

The judgment of the motion court is affirmed.

GREENE, J., and HOLSTEIN, Special Judge, concur.