**Val Dean OSTRANDER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 38344.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 31, 1978.

Motion for Rehearing and/or Transfer
Denied March 10, 1978.

Application to Transfer Denied
June 15, 1978.

H. Carl Kuelker, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Pros. Atty., Clayton, for respondent.

CLEMENS, Presiding Judge.

By a Rule 27.26 motion movant Val Dean Ostrander has challenged the 25-year sentence imposed after a jury trial on a charge of felonious assault. After trial but before being sentenced movant fled to South Caro-lina. He was returned to Missouri by ex-tradition and sentence and imprisonment followed. He did not appeal.

Movant challenges his extradition under Agreement on Detainers, § 222.160, RSMo. He contends its purpose is to expedite *un-tried* charges, and that when extradited he had already been tried even though not yet sentenced. We need not resolve that issue.

In *Watson v. State,* 475 S.W.2d 8 [3, 4] (Mo.1972), the court held: "In a proceeding under S.Ct. Rule 27.26, we do not inquire into the validity of extradition proceedings under which a defendant has been returned to this jurisdiction." And, in *Huffman v. State,* 487 S.W.2d 549[1] (Mo.1972), the court ruled that "once the accused has been brought within the custody of the demanding state, the legality of the extradition is no longer a proper subject of any legal attack by him." So it is here.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.