**Val Dean OSTRANDER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42260.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 26, 1980.

Terry Burnet, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Movant appeals from a denial of his second Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury on April 10, 1973 of assault with intent to do great bodily harm with malice aforethought. He was sentenced on April 25, 1974 to a 25 year term with the Department of Corrections. He filed a Rule 27.26 motion on July 10, 1975, which was denied July 6, 1976. This denial was appealed to this court and was affirmed. *Ostrander v. State*, 565 S.W.2d 653 (Mo.App.1978).

Movant filed this motion for post–conviction relief on July 6, 1979, alleging defects in the information as pertains to the allegations bringing the defendant under the Second Offender Act.[1] This motion was denied by the court on October 8, 1979. In denying relief, the court found that the movant had previously filed a motion for relief under Rule 27.26 and that said motion had been heard and overruled. The court then found that the second motion raised no

---

1. He also claimed that vocational training had completed his rehabilitation and that further confinement would be counterproductive. This is not a cognizable issue under Rule 27.26.

issues which were not presented in the previous motion or which could not have been presented in the previous motion.

Rule 27.26(d) prohibits the court from entertaining a successive 27.26 motion when the grounds presented could have been raised in the prior motion, and places the burden of showing that the grounds could not have been raised in the prior motion on the movant. Movant made no attempt to establish a reason that the grounds raised in his second motion could not have been raised earlier.

 Instead, movant contends that Rule 27.26(d) is inapplicable because the motion filed in 1975 was not a Rule 27.26 motion. The record belies this contention. That motion states that it was filed pursuant to Rule 27.26. The trial court and this court on appeal considered it as such.

Movant also contends that the trial court erred in denying his Rule 27.26 motion in that it did not make the necessary findings of fact and conclusions of law as are required by Rule 27.26(i). *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978) mandates such findings. The findings and conclusions here are no model, but are sufficient to satisfy the mandate of *Fields*.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.