Terry NEBBITT, Movant-Appellant,

v.

STATE of Missouri,
Respondent-Respondent.

No. 52603.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 20, 1987.

Nancy B. Stenn, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after a denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant appeared in St. Louis County Circuit Court on May 2, 1983, on charges of stealing $150.00 or more, a class C felony. His counsel informed the court that movant was serving a five-year sentence in Illinois, having been sentenced on November 23, 1982, and that he was in Missouri on an interstate detainer action in order to enter a guilty plea. Counsel stated that "extensive" plea bargaining had resulted in an agreement that, upon a plea of guilty, the state would recommend a term of four years in the Missouri Department of Corrections to run concurrently with the Illinois sentence and that "any and all jail time accrued as a result of this incarceration and hold by Missouri would be credited toward his sentence."

Movant admitted his guilt, and the prosecuting attorney stated the evidence against him. The court informed movant that the range of punishment was imprisonment in a penal institution for a period not to exceed seven years but not less than two years, incarceration in the county jail for a

period not to exceed one year, or a fine not to exceed $5,000.00, or both a fine and imprisonment. The court then sentenced movant in accordance with the negotiated plea agreement including credit for "jail time."

On September 30, 1986, movant filed a pro se Rule 27.26 motion, which was made "more explicit and detailed" following appointment of counsel. Movant alleged that he had been released on parole from both sentences by the Illinois Department of Corrections and the Missouri Board of Probation and Parole but that he had violated the conditions of his concurrent paroles by committing another offense in Illinois. As a result, his Illinois parole was revoked and he was sentenced on the subsequent offense to a term to be served concurrently with the original Illinois sentence. After serving the concurrent Illinois sentences, movant was released to the custody of the Missouri Department of Corrections to serve the unexpired portion of his Missouri sentence. Movant also alleged that, at some unspecified date, the Board of Probation and Parole revoked his Missouri parole and extended his release date. As a result, he alleged, the plea agreement had been violated, and he was being required to serve his four-year Missouri sentence consecutive to, rather than concurrent with, the five-year Illinois sentence. Because he was being required to serve his sentence "in excess of the statutory range of punishment, and/or ... in a manner inconsistent with the sentence" of the trial court, movant alleged his guilty plea was "constitutionally invalid." The court denied his Rule 27.26 motion without an evidentiary hearing.

On appeal, movant alleges the court erred in denying his motion without an evidentiary hearing because

> [T]he [motion] court had before it sufficient facts to demonstrate that [movant] had been in custody, either through confinement or parole, for a period in excess of four years, and is thus being required to serve his sentence consecutively to his

Illinois sentence of five years, contrary to the judgment and sentence of the trial court.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must: (1) allege facts, not conclusions, which, if true, would warrant relief; (2) those facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Chapman v. State*, 720 S.W.2d 17, 18 (Mo.App.1986).

■ "[I]n plea bargaining agreements ... when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, *such promise must be fulfilled.*" *Shepard v. State*, 549 S.W.2d 550, 551 (Mo.App.1977) (emphasis in original), *quoting Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). A trial court is not bound by a plea agreement, but if the court rejects the agreement it shall inform the parties and permit the defendant to withdraw his plea. *Schellert v. State*, 569 S.W.2d 735, 739 (Mo. banc 1978). Here, the prosecutor adhered to the plea agreement thereby complying with *Shepard*. In his motion, movant alleged no facts that would show a violation by the prosecutor of the plea agreement. Because the court followed the agreement in its entirety, the admonitions of *Schellert* did not apply.

■ Despite the phrasing of his motion, movant's actual allegations are that he is being held beyond the term of his sentence

as a result of the wrongful action of the Board of Probation and Parole. Allegations about the actions of the Board of Probation and Parole are not appropriate matters for a Rule 27.26 motion.[1] Habeas corpus is the proper remedy by which movant should challenge the action of the Board of Probation and Parole and the legality of his present incarceration. *See Green v. State*, 494 S.W.2d 356, 357 (Mo. banc 1973); *Reiter v. Camp*, 518 S.W.2d 82, 84 (Mo.App.1974). We have considered whether we should view movant's motion as an application for a writ of habeas corpus and have concluded that we should not. *See Green*, 494 S.W.2d at 357–58; *State v. Madison*, 519 S.W.2d 369, 370 (Mo.App. 1975).

The judgment of the motion court was not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

**1.** Rule 27.26 provides in pertinent part:

A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this state or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same. The following procedure shall be applicable to motions filed pursuant to this Rule:

(a) Nature of Remedy. This Rule is intended to provide the exclusive procedure which shall be followed when a prisoner in custody seeks *relief on the basis of any of the attacks on a sentence enumerated above.* ... This Rule does not suspend the rights available by habeas corpus but rather prescribes the procedures to be followed in seeking the enforcement of those rights. It includes all relief heretofore available in any court by habeas corpus when used for the purpose of seeking to vacate, set aside or correct a sentence, plus relief not available by habeas corpus (emphasis added).

Movant's motion does not allege facts that attack the imposition of his sentence, the jurisdiction of the sentencing court, or the length of sentence itself.