Ulysses JAMES, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 53021.

Missouri Court of Appeals, Eastern District, Division 1.

Feb. 16, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Application to Transfer Denied May 17, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

Movant pled guilty to two counts of first degree robbery and was sentenced to concurrent 30–year terms of imprisonment. He filed a Rule 27.26 motion which was amended following appointment of counsel. In his original and his amended motions, movant limited his allegations to matters not germane to this appeal.

Movant was the only witness at the evidentiary hearing. He testified primarily concerning the issue of this appeal, i.e., whether Missouri has jurisdiction to require him to serve the remainder of his sentences. Movant testified that while he was serving the concurrent robbery sentences [1] Illinois sought his extradition to face armed robbery charges. After a lengthy hiatus occasioned by movant's refusal to waive extradition, his escape from the city jail recreation yard, his petition for a writ of habeas corpus, and a hearing on the habeas corpus petition, movant was transferred to Illinois where he pled guilty to one robbery count and was sentenced to five years in the Illinois Department of Corrections. Movant then sought, unsuccessfully, to prevent Illinois from returning him to Missouri, theorizing that Missouri had lost jurisdiction over him by improperly releasing him to Illinois in violation of the interstate Agreement on Detainers.

The motion court denied movant's Rule 27.26 motion and entered findings of fact and conclusions of law on the issues raised in his original and amended motions and also concluded that movant's allegation, raised for the first time at the evidentiary hearing, that Missouri had lost jurisdiction over him because of an improper transfer to Illinois was without merit.

On appeal, movant contends that his allegation

that Missouri had lost jurisdiction over him and could not require him to serve the remainder of his sentence ... [raises] a jurisdictional question cognizable at

---

**1.** Movant apparently was serving the robbery sentences concurrently with the balance of two concurrent 20–year terms of imprisonment for second-degree murder and first-degree robbery.

His parole from the latter sentences was revoked due to the subsequent robbery convictions.

any time in that [movant] alleged that through noncompliance with the agreement on detainers Missouri had waived its jurisdiction when it delivered him to the custody of Illinois.

We do not believe that the jurisdictional issue raised in movant's point relied on is one to be considered in a Rule 27.26 action. In *Watson v. State*, 475 S.W.2d 8 (Mo.1972), the court held that a Rule 27.26 action is not to be used to "inquire into the validity of extradition proceedings under which a defendant has been returned to this jurisdiction [for trial]." *Id* at 12. *See also Ostrander v. State*, 565 S.W.2d 653 (Mo.App.1978) (Rule 27.26 proceeding may not be used to inquire into the validity of the extradition for sentencing and imprisonment of the movant who had fled Missouri after his trial.) We believe the same rationale applies here. A Rule 27.26 proceeding may not be used to challenge the propriety of a movant's earlier extradition to another state to face criminal charges there.

Movant argues that because he is seeking to vacate or set aside the remainder of his sentence, a Rule 27.26 motion is the appropriate method by which to achieve such a result. Movant, however, does not attack the imposition of the sentence, the jurisdiction of the sentencing court, or the length of the sentence itself.[2] His complaint about his continued incarceration is not a matter to be considered in a Rule 27.26 proceeding. *See Green v. State*, 494 S.W.2d 356, 357 (Mo. banc 1973); *Nebbitt v. State*, 738 S.W.2d 162, 164 (Mo.App.1987).[3]

The judgment of the motion court was not clearly erroneous.

Judgment affirmed.

GARY R. GAERTNER, P.J., and CRIST, J., concur.

2. Rule 27.26 provides in pertinent part:
A prisoner in custody under sentence and claiming a right to be released *on the ground that such sentence was imposed in violation of the Constitution and laws of this state or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack,* may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same. The following procedure shall be applicable to motions filed pursuant to this Rule:
(a) Nature of Remedy. This Rule is intended to provide the exclusive procedure which shall be followed when a prisoner in custody seeks relief *on the basis of any of the attacks on a sentence enumerated above....* This Rule does not suspend the rights available by habeas corpus but rather prescribes the procedure to be followed in seeking the enforcement of those rights. It includes all relief heretofore available in any court by habeas corpus when used for the purpose of seeking to vacate, set aside or correct a sentence, plus relief not available by habeas corpus (emphasis added).

3. If a Rule 27.26 proceeding were the appropriate means by which movant could seek his desired relief, his motion should nevertheless be denied. Once an accused is brought within the custody of the demanding state, the legality of his extradition is no longer a proper subject for a legal attack. *State v. Williams*, 652 S.W.2d 102, 109 (Mo. banc 1983). We believe the same rationale applies to an attack on the continued jurisdiction of the sending state. Moreover, movant testified that he had a hearing on his petition for a writ of habeas corpus prior to his extradition to Illinois.