Carl **MURPHY**, Movant/Appellant,

v.

**STATE of Missouri, Plaintiff/Respondent.**

No. 63378.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 26, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 24, 1993.

Application to Transfer Denied
Jan. 25, 1994.

Dave Hemingway, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant was charged by indictment as a class X offender with burglary in the first degree, § 569.160, RSMo 1986, and stealing over $150, § 570.030, RSMo 1986. Movant pled guilty to both charges. Pursuant to a plea agreement, the State recommended that movant be sentenced as a persistent offender to concurrent sentences of fifteen years on the burglary charge and ten years on the stealing charge. The court followed the State's recommendation.

Movant's sole point on appeal alleges the motion court erred in denying movant an evidentiary hearing because the State failed to fulfill its plea agreement that defendant not be punished as a class X offender. Movant argues that the motion court's basis for denying him an evidentiary hearing, that "sentence and judgment did not authorize punishment as a Class X Offender" simply "... corroborates [movant]'s claim that the plea agreement required he not be punished as a Class X Offender.... It does not conclusively refute [movant]'s assertion that the state was nevertheless punishing him" as such.

Review of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Pines v. State,* 778 S.W.2d 724, 726 (Mo.App.1989); Rule 24.-035(j). The findings and conclusions are deemed clearly erroneous if, upon review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Fox v. State,* 819 S.W.2d 64, 66 (Mo.App.1991). Movant is entitled to an evidentiary hearing on a post-conviction motion if (1) he alleges facts, not conclusions, which, if true, would warrant relief; (2) those facts are not refuted by the record; and (3) the matters complained of have resulted in prejudice to the movant. *Warren v. State,* 740 S.W.2d 251, 252 (Mo. App.1987).

Where a plea agreement is founded upon a promise by the prosecutor, such promise must be fulfilled. *Nebbitt v. State,* 738 S.W.2d 162, 163 (Mo.App.1987). If the court rejects the agreement, it must inform the parties and allow movant to withdraw his plea. *Id.* The record reveals that the prosecutor made his recommendation in conformity with the plea agreement. Likewise, the court sentenced movant in conformity with the plea agreement. The State, in its brief, admits movant was sentenced as a persistent offender, and not as a class X offender.

It appears to us that movant's actual claim is that the Department of Corrections is not punishing him in conformity with the court's sentence. Such a claim is not cognizable in a motion for post-conviction relief. *Id.* at 163–164. A motion for post-conviction relief is an inappropriate remedy to compel public officials to implement sentences. *Cobb v. State,* 787 S.W.2d 317, 318 (Mo.App.1990). Movant is serving a sen-

tence as a persistent offender. The State of Missouri acknowledges this is his sentence and he has other remedies if officials of this state fail to comply with court orders.

We affirm.

CRANDALL, P.J., and CRIST, J., concur.