**Ronnie BLADE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 38419, 38866.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 11, 1977.

Motion for Rehearing and/or Transfer Denied Nov. 14, 1977.

Application to Transfer Denied
Dec. 19, 1977.

John M. Putzel, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

Appeal from denial of a Rule 27.26 motion. Seven indictments had charged movant (hereafter defendant) with eleven crimes[1]. Defendant pleaded guilty in 1975 and 1976. The trial court accepted the pleas and sentenced defendant to concurrent 20-year terms.

Defendant moved to vacate the sentences and the court, relying on the guilty-plea records, denied the motion without a hearing. Defendant now files two consolidated appeals. He challenges the court's failure to grant an evidentiary hearing and contends his guilty pleas were involuntary because his attorney failed to contact two named alibi witnesses. This, he argues, was ineffective assistance of counsel, entitling him to an evidentiary hearing on his Rule 27.26 motion.

■ Claims of ineffective assistance of counsel and involuntary pleas of guilty are "concomitant issues," to be considered as one. *Hulett v. State*, 473 S.W.2d 410[2] (Mo.1971).

■ The scope of review of the denial of an evidentiary hearing on a Rule 27.26 motion is stated in *Smith v. State*, 513 S.W.2d 407[1] (Mo.1974): "A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." See also *Voegtlin v. State*, 546 S.W.2d 40[4, 5] (Mo.App.1977).

The first question is whether defendant states facts entitling him to relief. He claims he gave his attorney, Mr. Robert Hampe, the names of two alibi witnesses who would have testified defendant was with them at the time of the alleged crimes and that counsel neglected to contact these witnesses. Defendant fails, however, to specify to which of the crime or crimes the alibi would apply.

■ An accused has a constitutional right to effective assistance of counsel, including investigation and preparation of his case for trial. U.S.C.A.Const., Sixth Amendment; *Thomas v. State*, 516 S.W.2d 761[1] (Mo.App.1974). "The duty of counsel is to render such assistance as is within the

1. # 75–681—Carrying a Concealed Weapon, Illegal Possession of Schedule I Controlled Substance; # 75–682—Carrying a Concealed Weapon; # 75–1972—Carrying a Concealed Weapon; Attempted Bribery of a Police Officer (2 counts), Illegal Possession of Schedule I Controlled Substance; # 74–2397—Carrying a Concealed Weapon; # 74–2387—Carrying a Concealed Weapon; # 74–2466—Robbery First Degree by Means of a Dangerous and Deadly Weapon; # 75–2460—Assault with Intent to Kill with Malice.

range of competence demanded of attorneys in criminal cases." *Coleman v. State*, 542 S.W.2d 53[3, 4] (Mo.App.1976). The test of counsel's effectiveness on a guilty plea is whether the representation was such that the plea was entered voluntarily and with understanding. *Hall v. State*, 496 S.W.2d 300[3] (Mo.App.1973).

■ Assuming the facts stated by defendant are true, he was deprived of effective assistance of counsel and thereby involuntarily entered a plea of guilty. In *Hall v. State*, supra, 496 S.W.2d 300 at [7], the court held defendant was deprived of effective assistance of counsel when his attorney engaged in plea bargaining without investigating the circumstances related by defendant indicating a defense to the charge of second degree murder. While refusing to lay down an absolute rule as to counsel's duty to conduct an independent investigation before advising his client to plead guilty, the court concluded that, under the circumstances of the case, an investigation was warranted. In *Thomas v. State*, supra, 516 S.W.2d 761 at [3], the court held defense counsel's failure to investigate claims of an alibi constituted a deprivation of defendant's constitutional right to effective assistance of counsel. There, defendant had given his attorney the names of several alibi witnesses. The attorney never contacted them, gambling instead that certain pretrial motions would be sustained. In the instant case defendant alleges facts sufficient, if standing alone, to warrant an evidentiary hearing.

This leads to whether the guilty-plea hearing controverts defendant's allegations. Seven indictments charged defendant with eleven crimes. Defendant appeared in court to plead guilty to six of the indictments. The trial court thoroughly questioned defendant as to the voluntariness of each plea. Defendant was healthy and free of the influence of drugs or alcohol; he had been previously convicted on a plea of guilty; he understood his constitutional right to trial, his Fifth and Sixth Amendment rights and the presumption of innocence; and he realized the court would pro-

nounce sentence upon him. Thereupon, the court proceeded charge by charge and heard the prosecutor's recited facts and defendant's admission of guilt to each charge. Before accepting each plea the court reminded defendant of his preliminary questions. Further, the court repeated several of the preliminary questions before the sixth indictment was reviewed. With respect to each indictment, defendant admitted the facts of the crime charged and acknowledged he was satisfied with the advice and efforts of his attorney. Later, defendant pleaded guilty to the seventh indictment. The court repeated its exhaustive examination of defendant to insure his plea was voluntary. Defendant again admitted he was satisfied with his attorney's services. The following exchange occurred:

> THE COURT: I'm sure you have had many discussions with your counsel. Do you understand fully the advice that has been given you, both by Mr. Hampe and Mr. Beres in connection with some other charges?
>
> MR. BLADE: Yes, sir.
>
> THE COURT: Any questions in your mind about this advice?
>
> MR. BLADE: No, sir.
>
> THE COURT: Are you satisfied with that advice?
>
> MR. BLADE: Yes, sir.
>
> THE COURT: All right. Are you familiar with the efforts expended by your counsel?
>
> MR. BLADE: Yes, sir.
>
> THE COURT: Are you satisfied with those efforts?
>
> MR. BLADE: Yes, sir.
>
> THE COURT: I want you to search your mind at this point and I'll ask you the question again because so many people file motions to vacate sentences in this court based upon a lack of understanding or a complaint with the efforts of their attorneys or the advice given. Now is the time to complain to this court; not at some later date. Do you have any complaints at all?
>
> MR. BLADE: No, sir.

The guilty-plea record indicates defendant entered his pleas voluntarily and with understanding. He had seven opportunities to complain but he expressed satisfaction with his attorney's services on each occasion. In *Haliburton v. State*, 546 S.W.2d 771 (Mo.App.1977), defendant moved to vacate his sentence on the basis of ineffective assistance of counsel in connection with his plea of guilty. Among other things, defendant charged his attorney failed to interview available defense witnesses. The trial court denied the motion without a hearing and defendant appealed. The court affirmed because the guilty-plea record showed defendant was then satisfied with the advice and services of his attorney. Defendant Blade's allegation of ineffective assistance of counsel is similarly contradicted by the record. Accordingly, the trial court's denial of an evidentiary hearing on defendant's motion was proper.

■ Defendant now denies the guilty-plea record refutes his allegations. First, he argues the record fails to reflect any inquiry by the court with respect to the specifics of the offenses charged. Defendant further faults the trial court for failure to question defendant about his knowledge of any possible defenses. Rule 25.04, VAMR, does not require explicit inquiries by the trial court but only a determination that the plea was entered voluntarily and with understanding. *Jones v. State*, 494 S.W.2d 659[4–6] (Mo.App.1973). The guilty-plea hearing record indicates defendant admitted guilt to each offense and voluntarily entered pleas thereon.

■ Defendant, however, contends the record is unreliable because his attorney instructed him to answer the court's questions "in the negative," stating, "this is the usual procedure in pleas of guilty." In fact, most of defendant's responses were in the affirmative. Even assuming defendant is alleging his attorney instructed him to lie, his argument fails. The record shows defendant had been convicted previously on a plea of guilty. He cannot claim complete ignorance as to "the usual procedure in pleas of guilty." Furthermore, the court questioned defendant:

THE COURT: Are you guilty of this charge?

MR. BLADE: Yes, sir.

THE COURT: Are you telling me you are guilty for any reason other than you are in fact guilty?

MR. BLADE: No, sir.

.　　.　　.　　.　　.

THE COURT: Have you been threatened, intimidated or coerced in any manner, either directly or indirectly, to enter the plea of guilty?

MR. BLADE: No, sir.

Defendant had numerous opportunities to complain of interference or improper direction by counsel but voiced none.

Defendant cites *Burgin v. State*, 522 S.W.2d 159 (Mo.App.1975) in support of his claim his attorney's instructions rendered his plea involuntary, but that case is distinguishable. In *Burgin*, defendant alleged his attorney promised him a two-year sentence and instructed him to lie to the court when asked whether such promises had been made. The trial court denied defendant's Rule 27.26 motion without a hearing. The court remanded the case for an evidentiary hearing, finding the allegations, if true, would taint the voluntariness of the plea. Here, defendant fails to allege any such promise was made to him. We hold that the alleged instructions by defendant's attorney, standing alone, do not taint the voluntary nature of his guilty plea.

The trial court's denial of defendant's Rule 27.26 motion without a hearing was not erroneous. Appointment of counsel is unnecessary where no hearing is required. *Winston v. State*, 533 S.W.2d 709[5] (Mo.App.1976).

Judgment affirmed.

DOWD and SMITH, JJ., concur.