Ralph David WADE, Appellant,

v.

STATE of Missouri, Respondent.

No. 49877.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 1, 1985.

Kenneth A. Seufert, Farmington, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals after summary judgment in favor of the state on his Rule 27.26 motion. We affirm.

Movant pled guilty to one count of first degree robbery and one count of armed criminal action on October 20, 1983. Pursuant to a plea agreement, movant was sentenced to fifteen years imprisonment on both charges, those terms to be served concurrently. The sentences were to run consecutive to a seven year sentence imposed by the court in a probation revocation proceeding regarding movant.

On September 11, 1984, movant filed a Rule 27.26 motion which was subsequently amended by counsel. In his amended motion he claimed that his guilty plea was not voluntary because he was coerced into pleading guilty by his attorney, who allegedly told him he would receive a life sentence if the case proceeded to trial. Movant further alleged that he was instructed to "go along with" the judge's questions during the guilty plea hearing without regard to the truth, and, if unsure how to answer, movant was to look to his attorney for guidance. Movant also asserted that he had no direct involvement in the crimes, and that the sentence was excessive. The state filed a motion for summary judgment which was granted on March 14, 1985.

On appeal, movant contends that:

The trial court erred in granting summary judgment in favor of the state without granting an evidentiary hearing to the appellant because the allegations contained within his 27.26 motion, if true, entitled him to have his convictions set aside since his pleas of guilty were involuntarily made and the allegations of the motion were not refuted by the transcript of the guilty plea proceeding; in particular, appellant's motion alleged he was coerced into pleading guilty by his attorney as a result of threats of a life

sentence and, further, directed by his attorney to answer the questions (asked by the court at the guilty plea proceeding) so as to go along with whatever the judge asked, (i.e., lie if necessary) even though he asserted his innocence to his attorney.

In order to be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by the record. *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974); *Greenhaw v. State*, 627 S.W.2d 103, 104 (Mo.App.1982).

Once a guilty plea results, adequacy of representation bears only on whether the plea was made voluntarily and knowingly. *Branstuder v. State*, 609 S.W.2d 460, 463 (Mo.App.1980). "If the record conclusively establishes that the accused knowingly and voluntarily pleaded guilty, it is proper to deny an evidentiary hearing on a motion for post conviction relief based on an allegation that the guilty plea was coerced." *Thomas v. State*, 605 S.W.2d 792, 794 (Mo. banc 1980).

We find that the record in this case conclusively establishes that movant knowingly and voluntarily pleaded guilty and refutes movant's present allegations. Here the court considered, in addition to the record of the plea hearing, movant's unchallenged statement to the Madison County Sheriff, a transcript of which was attached to the state's motion for summary judgment. In his statement movant admitted that he had participated in the planning of the crime with his brother, and had suggested that "Inland [a service station/mini-mart] would be a good place" to rob. Movant said that after discussing the robbery, he and his brother went to get a gun, then proceeded to the service station. Movant drove around the surrounding area while his brother robbed the station, then returned, pursuant to their plan, to meet

his brother down the road from the crime scene.

At the plea hearing, movant was fully apprised of his rights, and he said he understood them. The court informed him that he could receive a maximum sentence of life imprisonment on each charge, and made sure he understood what sentence he would receive under the plea agreement. The court made an inquiry into the services rendered by movant's counsel, including the amount of time counsel had spent with movant preparing for trial and the adequacy of his investigation. Movant said he had no complaints whatsoever about his attorney's performance. He also said that he had not been threatened in any way. The judge inquired into the factual basis underlying movant's plea and movant responded in the narrative. Movant said he was pleading guilty because he was guilty.

 The record clearly refutes movant's allegations that he lacked direct involvement in the crime and was coerced into pleading guilty by his attorney's "threats" of a life sentence. Further, movant's allegation of "threats" would not entitle him to relief if unrefuted by the record. Obviously counsel could not have "threatened" him in the ordinary sense of the word because counsel had no control over the punishment a jury or court might fix. *Smith*, 513 S.W.2d at 411. Movant's contention appears to be that counsel told him he would receive a life sentence if he went to trial. Counsel should discuss with clients the potential results of trial, and life imprisonment was a possible sentence on both charges against movant. Movant was informed that if he pled guilty the court would sentence him to 15 years imprisonment on each Count, to be served concurrently, and that an additional sentence of seven years imprisonment would be imposed in the probation revocation hearing. He was told that he had the right to a jury trial, and apprised of the range of sentence he could receive upon conviction. After movant was thus informed, he was asked if he still desired to plead guilty. He said he did. Movant knew what his sentence

would be if he pled guilty and what it could be if he was convicted after a trial. His plea of guilty was not the product of "threats" of a life sentence.

Movant's allegation that he was instructed to "go along" with the judge's questions, without regard to the truth, is vague and conclusory. It is not clear how movant was told to respond in general and no allegations are made regarding specific answers. We will not hypothesize which, if any, answers were lies. Movant has not alleged sufficiently specific facts in this regard. Furthermore, "the fact that his attorney may have told him to lie, without more, [does] not taint the voluntariness of movant's plea or require a hearing." *Steinlage v. State*, 581 S.W.2d 849, 850 (Mo. App.1979).

Movant's allegation that the sentence was excessive is totally devoid of merit because his sentence was well within the statutory limits. *State v. Repp*, 603 S.W.2d 569, 571 (Mo.1980).

The action of the trial court was not clearly erroneous and the judgment is affirmed.

DOWD, P.J., and CRANDALL, J., concur.