Russell W. WAGNER, Appellant,

v.

STATE of Missouri, Respondent.

No. 53619.

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 25, 1988.

Application to Transfer Denied
July 26, 1988.

Michael David Burton, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., St. Louis, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted, after a guilty plea, of burglary in the first degree, attempted robbery in the first degree, assault in the first degree, and two counts of armed criminal action. He was sentenced to concurrent ten-year terms for burglary, attempted robbery, assault, and one count of armed criminal action, and a concurrent thirty-year term for the remaining count of armed criminal action, for a total of thirty years.

Movant alleges the motion court erred in failing to grant an evidentiary hearing on his claims of ineffective assistance of counsel. He claims his counsel was ineffective in failing to investigate the physical coercion used to extract a confession from him, failing to zealously represent him because the victim of the crime was related to the county police commissioner, seeking only a guilty plea and instructing movant to deny physical coercion with respect to his confession and his plea, and failing to pursue suppression of movant's confession on the grounds it was obtained as a result of physical coercion by the police.

The motion court dismissed the motion without an evidentiary hearing stating the allegations were refuted by the record. We agree.

 "When an accused pleads guilty to an offense he waives all claims of error except those affecting the voluntariness and understanding with which he makes his plea." *Shelley v. State*, 655 S.W.2d 126, 127[1] (Mo.App.1983). Thus any complaints concerning ineffective assistance of counsel are immaterial except as they affect the voluntariness and understanding with which the guilty plea was made. *Oerly v. State*, 658 S.W.2d 894, 896[2] (Mo. App.1983).

We note that many of movant's complaints concern physical coercion allegedly exerted on movant by the police department; however, movant asks us not to examine this issue as it is the subject of a civil suit under 42 U.S.C. § 1983. He instead asks us to examine his counsel's failure to investigate this coercion. Any complaint regarding counsel's failure to investigate the circumstances of an accused's statements to the police or to pursue suppression of those statements is waived by entry of a guilty plea. *Id.* [4].

Movant's remaining complaints allege his counsel failed to zealously represent him, sought only a guilty plea and instructed movant to deny physical coercion with respect to his plea. These allegations are refuted by a reading of the guilty plea transcript.

At his plea hearing, movant expressly denied any threats or promises other than plea negotiations were made in order to obtain his plea of guilty. He was extensively questioned regarding, and confessed to, each of the crimes for which he was charged. Finally, movant was represented by private counsel of his own choosing, and when asked if he was satisfied with his counsel's representation, movant answered "[v]ery much so." After sentencing, movant on his own volition apologized to the court, saying he had made a grave mistake and not to blame anyone involved with him. An examination of the record shows movant's pleas were entered voluntarily with understanding and because he had committed the crimes.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.