**Eddie James THOMAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54136.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 6, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his 27.26 motion after an evidentiary hearing. We affirm.

On March 17, 1982, movant was found guilty by a jury of three counts of forcible

rape and two counts of forcible sodomy; however, on the basis of trial error movant's Motion For New Trial was sustained. Prior to the beginning of his second trial, movant pled guilty to the five counts pursuant to a plea bargain. In accordance with the plea bargain, movant was sentenced to twenty-three years on each count, with the sentences to run concurrently.

Movant first asserts the court's decision should be reversed and remanded because the motion court's findings were inadequate for proper appellate review. We disagree.

The order denying movant's motion contained an extended recital of the facts presented by movant. The judge found none of movant's allegations were substantiated; he received effective assistance of counsel; he was not denied due process of law; and his plea was made voluntarily, knowingly and with full understanding of the consequences and not out of fear, duress or fraud.

Although the motion court's findings were not specific regarding each of movant's allegations, they were sufficient for appellate review under Rule 27.26(j) (repealed 1987). Therefore, there is no need to remand for further findings. *See Seltzer v. State*, 694 S.W.2d 778, 779[1] (Mo. App.1985) (generalized findings sufficient so long as they enable appellate court to review); *see also McCoy v. State*, 610 S.W. 2d 708, 709[2] (Mo.App. banc 1981).

In his second point, movant contends the motion court erred in holding his guilty pleas were voluntary, intelligent and knowing because his attorney threatened him with two consecutive life sentences if he proceeded to trial, never discussed possible defenses with him, and told movant he was too busy to prepare his case for trial, thereby leaving movant with no choice but to plead guilty.

Our review is limited to a determination of whether the trial court's findings and conclusions are clearly erroneous. Rule 27.26(j) (repealed 1987); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

All of movant's allegations sound in ineffective assistance of counsel. Our review of the allegations are limited to a determination of whether the alleged ineffectiveness rendered movant's guilty pleas involuntary. *Polys v. State*, 724 S.W.2d 265, 267[6] (Mo.App.1986).

The only evidence presented at the evidentiary hearing was movant's own testimony. Movant testified at length regarding the deficiencies of his trial attorney. He complained his attorney threatened him with the possibility of consecutive life sentences if he went to trial on the charges and was found guilty. The maximum punishment for the crimes for which movant was charged was life imprisonment. §§ 566.030.2 and 566.060.2, RSMo 1986. Therefore, movant's counsel was not deficient in informing movant of that fact. *Wade v. State*, 698 S.W.2d 621, 623[5] (Mo. App.1985) (counsel should discuss with client potential results of trial).

Movant testified his attorney was unprepared for trial and would do nothing to help him. This testimony was contrary to movant's assertions at the guilty plea hearing that his counsel was "a very fine attorney" who had "done everything he could to prove [his] innocence." He repeatedly maintained that he was pleading guilty of his own free will. At the evidentiary hearing movant claimed these remarks were made sarcastically and as a result of coaching from his attorney.

The credibility of witnesses is a matter for the motion court, and it is not required to believe movant's testimony even if there is no evidence to the contrary. *Leigh v. State*, 673 S.W.2d 788, 790[4] (Mo.App. 1984).

A review of the record supports the motion court's finding that movant's pleas were entered voluntarily, knowingly and with full understanding.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.