**Geoffrey L. SIMPKINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54777.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 7, 1989.

Application to Transfer Denied
April 18, 1989.

Michael C. Todt, Clayton, Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his 27.26 motion after an evidentiary hearing. Pursuant to guilty pleas, movant was convicted of three counts of burglary in the second degree, two counts of stealing over $150, and one count of stealing a firearm. He received concurrent fifteen-year sentences for each count. We affirm.

Movant sought to vacate his convictions on the grounds of ineffective assistance of counsel. Following a guilty plea, claims of ineffective assistance of counsel are relevant only if they affect the voluntariness and understanding with which the plea was made. *Wagner v. State*, 752 S.W. 2d 361, 362[1] (Mo.App.1988).

The motion court found movant's claims were meritless and his pleas were entered knowingly and voluntarily. On appeal, movant asserts the motion court erroneously denied his motion because he was coerced into pleading guilty by the following acts by defense counsel: (1) defense counsel only visited movant twice prior to his plea; (2) he told movant he could not discharge him; (3) he failed to file a motion to suppress statements; and (4) he failed to produce evidence of movant's mental state at the time of the pleas. We will discuss each allegation in turn.

Even if movant's attorney only met with him twice, that alone does not constitute ineffective assistance of counsel. *Atkins v. State*, 741 S.W.2d 729, 731[5] (Mo. App.1987). Prior to meeting with his attorney, movant had a two-hour discussion with an investigator from his attorney's office. Moreover, at the guilty plea hearing movant expressed satisfaction with the work his attorney had done. Under the facts of this case, we cannot discern how movant was prejudiced by the lack of more meetings with his attorney.

In his amended 27.26 motion and in his testimony at the evidentiary hearing, movant asserts he attempted to fire his attorney but his counsel told him he could not do so. This, movant alleges, resulted in a "negative working relationship" which forced him to plead guilty. In light of movant's testimony at his plea hearing, the trial court found these assertions by movant incredible. "The credibility of witnesses is a matter for the motion court, and it is not required to believe movant's testimony even if there is no evidence to the contrary." *Thomas v. State*, 759 S.W.2d 622, 623[2] (Mo.App.1988).

Movant's third allegation of error is his attorney's refusal to file a motion to sup-

press movant's statements to the police. Movant testified at the evidentiary hearing the statements were made as a result of a "threat and a promise."

■ Any complaint regarding counsel's failure to pursue a motion to suppress is waived by the voluntary entry of a guilty plea. *Farmer v. State,* 758 S.W.2d 156, 157 (Mo.App.1988); *Wagner,* 752 S.W.2d at 362[2]. A discussion was had during the plea hearing concerning the motion to suppress at which time movant's attorney stated he had discussed the circumstances surrounding the statements with movant and had advised him a motion to suppress would be unsuccessful. There is no evidence this advice was not reasonable. Moreover, movant's attorney stated movant decided to accept the plea bargain and thereby gave up his right to proceed on the motion.

The transcript of the plea hearing reflects that movant's pleas were entered as a result of a plea bargain and not because of his attorney's failure to file a motion to suppress. Movant freely admitted committing each of the crimes he was charged with and stated his attorney had not refused to do anything he asked him to do. Although movant stated at the evidentiary hearing that he lied during his plea hearing because he knew if he did not the judge would not accept his pleas, the motion court, understandably, found movant's claim incredible. *See Thomas,* 759 S.W.2d at 623[2].

Finally movant claims his attorney was ineffective in failing to produce more recent Department of Corrections records that stated he had a mental disorder which caused him to have the emotions of a fifteen-year-old. Movant contends this condition rendered his guilty plea involuntary.

■ An accused is competent to plead if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and ... he has a rational as well as factual understanding of the proceedings against him." *Barnett v. State,* 618 S.W.2d 735, 737 (Mo.App.1981).

At the plea hearing, movant stated he was under the care of a psychiatrist for depression, but he had not been diagnosed as suffering from any ailment at the present time. Movant's attorney stated he had observed movant through his representation of him in the past and present, reviewed his records and spoke with other attorneys concerning movant's mental state. He further stated he had discussed the present charges with movant, as well as strategies to proceed upon and their likelihood of success, and he considered movant competent to proceed.

At the evidentiary hearing, movant stated the emotional disorder he now complains of was diagnosed four months before the plea hearing, but he only learned of the diagnosis three months after the hearing. Movant did not call any witnesses or present any medical evidence regarding mental disease or defect to support his testimony at the evidentiary hearing. Both the trial judge and the 27.26 judge had an opportunity to observe movant and neither was convinced that movant was not competent to proceed.

There is no evidence in the record, apart from movant's own testimony, that he was incompetent to make the plea. Moreover, even if we assume movant's testimony regarding his emotional disorder is true, that alone does not render him incompetent to proceed. *McDonald v. State,* 572 S.W.2d 633, 635[5] (Mo.App.1978) (considerable emotional disturbance does not equate with incompetency to stand trial). For these reasons, this point must also fail.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.