**Samuel D. SANDERS, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 55178.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 18, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1989.

Application to Transfer Denied
June 13, 1989.

David Hemingway, St. Louis, for movant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Samuel D. Sanders, appeals the denial of his Rule 24.035 motion without an

evidentiary hearing. Movant had previously pleaded guilty to murder in the second degree and armed criminal action and been sentenced to two concurrent 30 year terms. We affirm.

On appeal, movant alleges that his plea of guilty was involuntary because his trial counsel coerced it by failing to actively pursue a motion to suppress movant's statements to police which trial counsel had filed after arraignment.

During the hearing of his guilty plea, movant testified he was satisfied with the representation he had received; he discussed with trial counsel all possible defenses; there were no defenses he wished counsel to consider which counsel had not considered; he had ample opportunity to discuss his case with counsel; he had been fully and completely represented to his satisfaction; he did not have any complaints concerning the way his case had been handled; and he had in no way been threatened into pleading guilty. Movant further testified that he understood by entering a guilty plea he was admitting he committed the crimes with which he was charged.

■ It is clear from the record that movant was given ample opportunity to voice any complaints he may have had concerning counsel's alleged failure to actively pursue suppression of movant's statements to police. Moreover, movant waived any complaint based upon counsel's failure to investigate the circumstances of such statements by entering a guilty plea. *Wagner v. State*, 752 S.W.2d 361, 362 (Mo.App. 1988). Movant's first point is denied.

■ Movant next contends that he received ineffective assistance of counsel because his trial counsel failed to investigate and prepare certain defenses.

As noted above, movant waived any complaints based upon counsel's failure to investigate additional defenses when he entered his guilty plea. *Wagner, supra.* The issue of effectiveness of counsel is material only to the extent that it affects whether the plea was voluntarily and knowingly made. *Smith v. State*, 743 S.W. 2d 900, 901 (Mo.App.1988). The record shows that the trial court questioned movant extensively in order to insure that his plea was entered both voluntarily and knowingly.

■ Movant further contends that the lower court's findings of fact and conclusions of law were insufficient in regard to movant's above claim that his trial counsel failed to consider certain defenses. In *Gill v. State*, 712 S.W.2d 732, 733 (Mo.App. 1986), this court held that, in ruling on a motion for post conviction relief, the trial court is required to make specific findings of fact and conclusions of law on all issues presented regardless of whether or not an evidentiary hearing is held. The requirement of specificity is met if the trial court's findings and conclusions permit meaningful appellate review. *Smith v. State*, 663 S.W. 2d 248, 249 (Mo.App.1983).

In the instant case, the trial court specifically addressed each of movant's allegations and concluded that each, in turn, was expressly refuted by the record as contained in the plea transcript. We agree, and hold that the trial court's findings and conclusions are sufficient to permit meaningful appellate review. Movant's final points are denied.

The judgment is affirmed.

CRIST and KAROHL, JJ., concur.