Charles PINES, Jr., Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 55375.

Missouri Court of Appeals,
Eastern District,
En Banc.

Aug. 22, 1989.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 10, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Dave Hemingway, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion. We affirm.

Movant pled guilty to burglary in the first degree and attempted forcible rape and was sentenced to two consecutive five year prison terms.

Movant filed a pro se Rule 24.035 motion. Appointed counsel filed an amended motion which incorporated the allegations in movant's pro se motion. Movant alleged, inter alia, that his plea was induced by counsel's false assurance that he would receive concurrent, not consecutive, sentences. He further alleged that counsel instructed him to lie when asked by the court if any promises had been made to him. Movant's request for an evidentiary hearing was denied on the basis that his allegations were refuted by the transcript of the plea hearing.

▆ On appeal, movant raises one point: The motion court clearly erred in denying an evidentiary hearing for [movant's] claim that *his attorney firmly assured him he would receive two concurrent five year terms* and that *she told him to tell the court he had received no other assurances.* [Movant's] claim that *his attorney*, in effect, *told him to lie in answering the court requires a hearing for the judge to make its findings of fact.* By the nature of the allegation, the guilty plea transcript would not reliably reflect whether [counsel] had made false assurances to induce [movant's] guilty plea or whether she told him to lie

when answering the trial court. [Movant's] fourteenth amendment due process rights require an evidentiary hearing.[1]

(Emphasis added.)

▆ The record reveals that movant was charged as a prior and persistent offender; he pled guilty in 1982 to unlawful use of a weapon and in 1976 to assault with intent to do great bodily harm. At least one of the pleas resulted from plea bargaining.

At the plea hearing, movant was placed under oath and questioned. He testified he was 42 years of age and had gone to school until he was a sophomore in college. The prosecuting attorney then recited the state's evidence: Movant entered a building located at 1716 Union, which building was in the possession of two females; he did so for the purpose of committing a rape therein; he entered through a bathroom window, awoke one of the females, forcibly removed her underwear and attempted to have sexual intercourse with her without her consent; he was not married to her and she did not consent to any of the acts. Movant testified he did not disagree with any of these statements; nor does movant contend on appeal that he is not guilty of the charges.

Responding to questions from the judge, movant said he did not give his lawyer the names of any witnesses to contact, no threats or promises had been made to him in order to obtain the plea and no one told him to say anything but the truth during the proceeding. He said his attorney did everything he asked her to do and she informed him of the full range of punishment.

The following exchange took place between the court and prosecuting attorney:

Q. What is the State's recommendation on this matter?

---

1. Movant attempted to raise another issue in oral argument. He claims that he is entitled to an evidentiary hearing because the court failed to comply with Rule 24.02(d)(3) which provides, "If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement." Counsel admits that this issue was not raised in movant's point on appeal. We note that it was not raised in his pro se or amended motion. Issues not raised in a post-conviction relief motion are waived and cannot be raised on appeal. *Wells v. State*, 621 S.W.2d 553, 554 (Mo.App. 1981). Nor can issues not raised in movant's point be considered on appeal. *State v. Seeger*, 725 S.W.2d 39, 44 (Mo.App.1986).

A. As to Count I, Your Honor, five years; and as to Count II, five years, *to run consecutively.* For a total of ten. The court then asked movant:

Q. And is that the recommendation your attorney told you the state would make *if you entered this plea of guilty.*

A. Yes, she informed me it would be so.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Chatman v. State,* 766 S.W.2d 724, 725 (Mo.App.1989). To be entitled to an evidentiary hearing on a Rule 24.035 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Id.*

It is well settled that "a mere allegation that [a movant's] attorney told him to lie at his guilty plea hearing does not entitle [the] movant to an evidentiary hearing." *La-Rose v. State,* 724 S.W.2d 339, 340 (Mo.App.1987); *See also, Wade v. State,* 698 S.W.2d 621, 623 (Mo.App.1985); *Blade v. State,* 558 S.W.2d 352, 355 (Mo.App.1977). Here, not only did movant testify that no promises had been made to him, but he also stated to the court that he had not been told to answer the court's questions other than truthfully. Furthermore, movant heard the prosecutor recommend consecutive sentences and he acknowledged that his attorney told him in advance that this would be the state's recommendation in exchange for his guilty plea. Thus, movant's allegations are refuted by the record and the motion court properly denied his motion without an evidentiary hearing.

Judgment affirmed.

SIMON, C.J., and SMITH, STEPHAN, CRIST, CRANDALL, KAROHL, GARY M. GAERTNER and GRIMM, JJ., concur.

CARL R. GAERTNER, J., dissents with separate opinion.

HAMILTON, J., concurs in Judge CARL R. GAERTNER's dissenting opinion.

PUDLOWSKI, J., concurs in dissenting opinion of CARL R. GAERTNER, Judge, and dissents in separate opinion.

CARL R. GAERTNER, Judge, dissenting.

I respectfully dissent.

In *Walker v. Johnston,* 312 U.S. 275, 284, 61 S.Ct. 574, 578, 85 L.Ed. 830, 835 (1941) the Supreme Court of the United States enunciated the mandatory rule that a habeas corpus petitioner, seeking to vacate and set aside his conviction after a guilty plea, may be denied an evidentiary hearing only where the allegations of his petition, even though they be improbable and unbelievable, are refuted by the court record or they show no cause for granting relief. Within four years *Walker* was referred to as a cause of the deluge of habeas corpus petitions filed in federal courts "not only as they should be to protect unfortunate persons against miscarriages of justice, but also as a device for harassing court, custodial and enforcement officers with a multiplicity of repetitious, meritless claims for relief." *Dorsey v. Gill,* 148 F.2d 857, 862 (D.C.Cir.1945) *cert. den.* 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003 (1945). An additional potential for abuse of the process was said to be "the prospect of substantial travel away from routine prison existence to attend a hearing at the place of conviction." Note, "The Freedom Writ—Expanded Use of Federal Habeas Corpus," 61 Harvard L.Rev. 657, 674 (1948).

In the four decades which have passed since these pronouncements abuses of post-conviction relief processes have not abated nor has the criticism and aversion directed toward post-conviction proceedings lessened. Nevertheless the rule enunciated in *Walker* continues in full force. It is recognized and incorporated in the Missouri Rules of Criminal Procedure relating to motions to vacate, set aside, or correct a sentence and judgment. Rules 24.035 and

29.15; *Fields v. State*, 572 S.W.2d 477, 481 (Mo. banc 1978).

Moreover, we have traditionally accepted the principle that the guilt or innocence of the prisoner seeking post-conviction relief is irrelevant. *Fields*, at 480; *Webb v. State*, 718 S.W.2d 619, 620 (Mo.App.1986). As stated by Chief Justice Chase in 1866, "The laws which protect the liberties of the whole people must not be violated or set aside in order to inflict, even upon the guilty, unauthorized though merited justice." *Ex parte Milligan*, 71 U.S. (4 Wall.) 2, 132, 18 L.Ed. 281, 299 (1866). Thus, unlike the purpose underlying pre-conviction criminal procedure rules, to protect the innocent and to convict the guilty, the ultimate goal of post-conviction relief procedures is to insure the pristine integrity of the administration of justice in criminal proceedings. "The public conscience must be satisfied that fairness dominates the administration of justice." *Adams v. U.S.*, 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268, 274–75 (1942). In order to maintain this principle federal and state courts have tolerated substantial inflation of their dockets by post-conviction relief writs and motions, all but a minuscule few of which are found to be meritless and, indeed, the large majority of which are frivolous. That the process of post-conviction relief is susceptible to abuse cannot be denied. Nor can it be said that the delay in attaining finality of criminal convictions does not serve as an irritant to those within the criminal justice community and to the general public as well. These are the costs of assuring that the criminal justice system functions, in reality and in appearance, within an aura of fundamental fairness.

No wonder, then, that post-conviction relief proceedings are looked upon by many with disfavor and disdain. Nevertheless the importance of the principle underlying the need for such proceedings requires that judges resist the temptation to consider motions seeking post-conviction relief in a superficial, perfunctory manner, and, without close scrutiny of the record to insure refutation of any claim of denial of fundamental fairness, to summarily dismiss such motions without an evidentiary hearing.

Since 1927 the Supreme Court of the United States has recognized that a guilty plea induced by an attorney's misstatement about what sentence the court would impose was unfairly obtained and should be set aside. *Kercheval v. U.S.*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). In *Santobello v. New York*, 404 U.S. 257, 266, 92 S.Ct. 495, 501, 30 L.Ed.2d 427, 435 (1971) the court held that the prosecutor's failure to keep a promise made to induce a guilty plea mandated the vacation of the judgment entered upon such plea. Of particular note are the observations of Justice Douglas that a promise made to induce a guilty plea may deprive such a plea of the "character of a voluntary act", quoting from *Machibroda v. U.S.*, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, 478 (1962), and that the vacation of a sentence imposed after reneging on a plea bargain promise is mandated not only because of "involuntariness" but also out of "an outraged sense of fairness." *Santobello*, 404 U.S. at 266, 92 S.Ct. at 501, 30 L.Ed.2d at 436. That the promises made in *Kercheval* and *Santobello* were made by a prosecutor rather than the defendant's attorney, as alleged in the instant case, is irrelevant. Both are officers of the court responsible for maintaining the integrity of the criminal justice system. In either case the voluntariness of a guilty plea induced by a false promise is called into question and fundamental fairness is offended. Therefore, movant's allegation that his plea was induced by assurances that he would be sentenced to concurrent five-year sentences, unless refuted by the record, warrants an evidentiary hearing to determine the truth or falsity of the allegation.

In upholding the motion court's finding that movant's allegations are refuted by the record the majority opinion has concluded that movant's acknowledgment his attorney told him that the *prosecutor's recommendation* of two consecutive five-year sentences constitutes refutation of his allegation his attorney assured him the *judge would sentence* him to two concurrent five year sentences. With all due respect to my

colleagues, I cannot agree with this conclusion.

Nor do I agree that movant first attempted to raise a new issue, failure to comply with Rule 24.02(d)(3), on oral argument in this court. The point relied on in movant's brief specifically charges that "the guilty plea transcript would not reliably reflect whether [his attorney] had made false assurances to induce appellant's guilty plea, or whether she told him to lie when answering the trial court." These are the very matters to which the requirements of Rule 24.02 are directed. Implicit in movant's point relied on is the contention that the trial court's non-compliance with Rule 24.02 requires an evidentiary hearing albeit the rule is not referred to by number. Moreover, because procedural rules are the means to achieve ends, not ends in themselves, *Heintz v. Woodson*, 758 S.W.2d 452, 454 (Mo. banc 1988), it is the failure of the guilty plea transcript to fulfill the purpose underlying the rule which gives import to movant's contention, not merely the violation of the rule itself. Movant's point relied on and the allegations of his motion aim directly at this failure.

In Rule 24.02 of the Rules of Criminal Procedure the Missouri Supreme Court has imposed detailed requirements upon trial judges before the court may accept a guilty plea. The obvious intent of this rule is to insure not only the protection of a defendant's constitutional rights but also to establish a record refuting subsequent claims of involuntariness, misrepresentation, or misunderstanding. To these ends Rule 24.-02(b) requires the court to personally address the defendant and advise of him of the maximum penalty and the possible minimum penalty provided by law for the offense to which he is pleading, of the various rights he has at trial and that by pleading guilty he is giving up these rights. Rule 24.02 recognizes the reality that most guilty pleas are induced by plea bargaining and in subsection 24.02(c) distinguishes between pleas induced by promises apart from promises incorporated in plea agreements. Subsection 24.02(d)(2) requires that any plea agreement reached between the attorneys be disclosed on the record and

that the court is free to accept or reject the agreement. Customarily in guilty plea proceedings trial judges advise the defendant of the court's freedom to accept or reject the agreement and that any promises or assurances made by others are not binding upon the court. A record containing such advice serves to dispel the misconception, common among defendants, that trial judges are active participants in plea negotiations. "It 'is not unusual for an accused to be lulled into believing that the court proceedings are a mere formality, and that everyone involved is a party to the promised bargain, upon which the plea is founded.'" *Schellert v. State*, 569 S.W.2d 735, 738 (Mo. banc 1978), quoting from *Commonwealth v. Barrett*, 223 Pa.Super. 163, 166, 299 A.2d 30, 31 (1972). Subsection 24.02(d)(3) directs the guilty plea judge to inform the defendant that if the plea agreement is accepted, the court "will embody in the judgment and sentence the disposition provided for in the plea agreement." A guilty plea record showing compliance with these procedures has consistently been held sufficient to refute any subsequent assertion that promises were not kept or that an attorney had told a defendant to lie about a promised disposition. *See LaRose v. State*, 724 S.W.2d 339, 340 (Mo.App.1987); *James v. State*, 571 S.W.2d 127, 128 (Mo.App. 1978); *Mainord v. State*, 541 S.W.2d 779, 781 (Mo.App.1976).

The guilty plea record in the instant case reflects a failure by the trial judge to follow these procedures. The court did not advise the defendant that promises made by others were not binding upon the court. Although the record contains the recommendation of the prosecutor, the court did not inquire of the defendant as to whether his willingness to plead guilty was a result of an agreement for such a recommendation, an express requirement of Rule 24.-02(c). The court did not inform the defendant that this recommendation would be embodied in the judgment and sentence as required by Rule 24.02(d)(3). If the trial judge had complied with these rules I could agree with the conclusion that the record refutes movant's allegations. The very

purpose of these rules, however, is to insure that the record of a guilty plea will be impervious to the type of belated attack here being made. The failure of the guilty plea judge to comply with the required procedures, in my opinion, necessitates the making of another record which will demonstrate whether movant was treated with fundamental fairness or whether he was misled by false assurances. In order to maintain the integrity of the system of criminal justice, finality must be deferred until the public record reflects the answer to this question.

Fundamental fairness raises an additional issue which, although not asserted by movant on appeal, I feel deserves comment. The effect of movant's allegation that his lawyer assured him that the judge would impose concurrent sentences despite his knowledge the State would recommend consecutive sentences, by implication, charges the judge with a violation of the Supreme Court's proscription against judicial participation in plea negotiations. Rule 24.02(d). For movant to sustain his burden of proving his claim, or for the State to rebut the contention, it is not at all unlikely the judge would be called upon to testify. The summary dismissal of movant's motion without an evidentiary hearing could possibly be construed as an attempt to escape such an eventuality. To avoid even an erroneous appearance of impropriety, it would have been prudent for the guilty plea judge to have exercised his prerogative to disqualify himself from ruling on the motion pursuant to Rule 32.10.

For the reasons stated above, I respectfully dissent.

PUDLOWSKI, Judge, dissenting.

I concur in the dissent of Judge Carl Gaertner and further dissent in that the majority opinion relies on *LaRose v. State*, 724 S.W.2d 339, 340 (Mo.App.1987) and *Wade v. State*, 698 S.W.2d 621 (Mo.App. 1985).

The majority relies on these cases for the proposition that a mere allegation that a movant's attorney told him to lie at his guilty plea hearing does not entitle him to an evidentiary hearing.

This proposition has its genesis in the case of *Blade v. State*, 558 S.W.2d 352 (Mo.App.1977). *Blade* holds that, while a movant is entitled to an evidentiary hearing when he couples an allegation that his attorney instructed him to lie at plea hearing with an allegation that his attorney promised him a particular sentence, a movant is not entitled to an evidentiary hearing where his allegation that his attorney instructed him to lie stands alone. *Blade*, 558 S.W.2d at 355.

*LaRose* follows *Blade's* distinction. *LaRose* holds that if a movant's allegation that his attorney promised him a particular sentence is clearly refuted by the record, the allegation that his attorney told him to lie at plea hearing is insufficient to require an evidentiary hearing. In *LaRose*, the movant alleged that his attorney promised him probation and told him to lie at the guilty plea hearing. We affirmed the denial of an evidentiary hearing. This court found the plea hearing court's statements, explaining to the movant that the court was not bound by any promises or recommendations in sentencing, refuted movant's allegation that his attorney promised him probation. It was only after the court rejected this first allegation that the movant's remaining allegation, that he was told to lie at plea hearing, was held insufficient to entitle him to an evidentiary hearing.

Similarly, in *Wade*, this court first found the record refuted the movant's allegation that he was coerced into pleading guilty by his attorney. We then held that "the fact that [movant's] attorney may have told him to lie, *without more*, does not taint the voluntariness of movant's plea or require a hearing." *Wade*, 698 S.W.2d at 623. (Emphasis added).

Movant Pines has alleged more than merely that his attorney instructed him to lie. He has alleged that his attorney promised him he would receive two concurrent five year terms. Nor is movant Pines' allegation that he was promised concurrent terms refuted by the record. Unlike the record in *LaRose*, the record before us does

not contain statements by the sentencing court informing movant that no promises or recommendations are binding on the sentencing court and that the court can sentence movant to any punishment within the range provided by law. This lack of vital interrogation and statements, also noticed by Judge Gaertner, distinguishes this case and cries out for a hearing.

The majority seemingly adopts a rule that no set of allegations in a post-conviction motion will be sufficient to call into question a movant's statement at plea hearing that no promises were made to induce his plea. Such a holding goes a step further than *Blade* and its progeny.[1] For this reason, as well as those so cogently expressed by Judge Gaertner, I dissent.

---

1. Other cases which contain the proposition the majority cites are consistent with *Blade's* distinction. *See, Pinkard v. State,* 694 S.W.2d 761 (Mo.App.1985); *Steinlage v. State,* 581 S.W.2d 849 (Mo.App.1979). *LaRose* contains language that a movant's response at plea hearing indicating that he is not lying refutes a later post-conviction claim that he lied during the proceeding.

But despite the broadness of this language, the *LaRose* court's analysis continually relies on the fact that the plea court had informed the movant that it was not bound by any promises, in justifying its decision. The record of Charles Pines' plea hearing is devoid of such a statement from the court.