Clinton COOPER, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. 64275.

Missouri Court of Appeals, Eastern District, Division One.

May 10, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 1994.

Application to Transfer Denied Aug. 15, 1994.

David C. Hemingway, Asst. Public Defender, St. Louis, for movant, appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent, respondent.

REINHARD, Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We affirm.

Movant was charged by indictment as a prior and persistent offender with: Count I, first degree robbery, § 569.020, RSMo 1986;[1] Count II, armed criminal action, § 571.015; Count III, felonious restraint,

§ 565.120; Count IV, stealing from a person, § 570.030; and Count V, second degree assault, § 565.060, RSMo Supp.1993. It appears that just prior to movant's plea of guilty on January 5, 1993, the state filed a substitute information in lieu of indictment, in order to charge movant as a class X offender. Pursuant to a plea agreement, an order of *nolle prosequi* was entered as to Count II in exchange for movant's guilty pleas on Counts I, III, IV and V. After a pre-sentence investigation (P.S.I.), movant was sentenced on Count I only as a Class X offender to twenty years' imprisonment, and sentenced to seven years each on Counts III, IV and V. The sentences on Counts III, IV and V were to run concurrently with each other and concurrently with the sentence for Count I.

On February 18, 1993, movant filed a *pro se* motion for Rule 24.035 post-conviction relief where he alleged, *inter alia*, "I was told if I proceed[ed] to trial[,] I could be brought up as a class X offender[,] [but] not if I pled guilty." On May 24, 1993, an amended motion was filed by his appointed counsel. There, movant further alleged:

> ... [my] attorney informed [me] that if [I] plead guilty [I] would not be sentenced as a Class X Offender. [I] was charged as a Class X Offender and sentenced as a Class X Offender. *In order to expedite the proceedings, counsel told [me] how to answer the questions posed during the guilty plea. Therefore, any answers concerning the Class X Offender status were involuntary.* (Emphasis added).

The court denied movant's Rule 24.035 motion without an evidentiary hearing, finding the allegations to be refuted by the record.

In his sole point on appeal, movant asserts he was entitled to an evidentiary hearing on his claim that "[counsel] led him to believe he would not be sentenced as a Class X offender if he pled guilty.... [Movant]'s mistaken belief was very reasonable given the judge's request for a presentence report since it indicated [the court] might impose a penalty less than that recommended by the state." He argues the judge "could not fairly deny a hearing by refusing to believe an attorney

1. All statutory citations are RSMo 1986 unless otherwise noted.

would coach a client how to answer questions...."

■ Review of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Pines v. State,* 778 S.W.2d 724, 726 (Mo.App.1989); Rule 24.-035(j). The findings and conclusions are deemed clearly erroneous if, upon review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Fox v. State,* 819 S.W.2d 64, 66 (Mo.App.1991). After a plea of guilty, the issue of effectiveness of counsel is material only to the extent it affects whether the plea is voluntarily and knowingly made. *Sanders v. State,* 770 S.W.2d 447, 448 (Mo. App.1989). Movant is entitled to an evidentiary hearing on a post-conviction motion if: (1) he alleges facts, not conclusions, which, if true, would warrant relief; (2) those facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Warren v. State,* 740 S.W.2d 251, 252 (Mo.App.1987).

■ The record reveals that movant was placed under oath and questioned at his guilty plea hearing. He stated that he had recently obtained his high school equivalency degree and acknowledged that he had three prior convictions in which he had entered pleas. The prosecutor recited what the state's evidence would show: as to Counts I and III, that movant forced a pizza delivery man, at gun-point, to drive to the intersection of Grand and Montgomery. There, movant stole money and pizza from the delivery man; as to Counts IV and V, that movant sprayed a security guard in the face with fire extinguisher discharge, took her gun and fled, firing one shot in her direction. Movant indicated his agreement with the prosecution's statement of the evidence.[2]

Thereafter, the court extensively questioned movant regarding the intelligence and voluntariness with which he was to enter his plea:

[The Court]: Have *any threats or promises been made to you* in order to obtain this plea of guilty other than the plea bargain?

[Movant]: *No.*

\*  \*  \*  \*  \*  \*

[The Court]: *And has anyone told you to say anything but the truth during this proceeding?*

[Movant]: *No,* sir.[3]

\*  \*  \*  \*  \*  \*

[The Court]: What is the State's recommendation in this matter?

[Prosecutor]: Your honor, as to Count I ... our recommendation is that defendant be sentenced to twenty years in the Missouri Department of Corrections as an X felon ... in that he has pled guilty to or been found guilty of three or more felonies committed at different times,.... And the State would request the Court to make a finding finding the defendant to be an X felon.

\*  \*  \*  \*  \*  \*

[The Court]: All right, let the record reflect that the Court finds based upon the prior convictions and the serving of time that the defendant, Clinton Cooper, is an X offender.

[The Court]: And *is that the recommendation your attorney told you the State would make* if you entered this plea of guilty?

[Movant]: *Yes,* sir.

(Emphasis added).

On appeal, movant relies primarily on our case of *Eakins v. State,* 734 S.W.2d 290 (Mo.App.1987). He overlooks, however, our decision in *Pines v. State,* 778 S.W.2d 724 (Mo.App.1989). An examination of the record here reveals numerous similarities to *Pines.* As here, the *Pines* movant stated that: (1) he had not given his lawyers the names of any witnesses to contact; (2) no

---

**2.** We note that in movant's *pro se* Rule 24.035 motion, he states that he made a confession to these crimes.

**3.** We cannot overemphasize the importance of the foregoing two questions in guilty-plea proceedings. We strongly encourage all circuit judges to include these questions in their Rule 24.02(c) interviews.

threats or promises had been made to him in order to obtain his plea; and (3) no one told him to say anything but the truth during the plea proceedings. In each case, prior to plea acceptance, the prosecuting attorney was asked, and stated, what the state's recommended sentence would be and each movant responded affirmatively when asked if that was the recommendation his attorney told him to expect.

The *Pines* movant attempted to circumvent the effect of his plea-hearing testimony by alleging (in his post-conviction motion) that his attorney supplied him with the answers he gave to the plea-hearing court. That, too, is the thrust of claimant's allegations here. He stated: "counsel told [me] how to answer the questions posed during the guilty plea. Therefore[,] any answers concerning the Class X Offender status were involuntary." In *Pines* we held that a mere allegation that a movant's attorney told him to lie at his guilty plea hearing did not entitle him to an evidentiary hearing, and that such allegations can be (and were in that case) refuted by the record. *Id.* at 726.

Thus, under the *Pines* doctrine, movant was not entitled to an evidentiary hearing.[4] We find movant's allegations to be refuted by the plea-hearing record and conclude the motion court did not err in refusing to order an evidentiary hearing.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

Bernard CROSS, Appellant,

v.

STATE of Missouri, Respondent.

No. 63754.

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1994.

Before CRANDALL, P.J., and REINHARD and CRIST, JJ.

---

4. Our determination here is further supported by the court's Rule 29.07(b)(4) examination of movant (which occurred three weeks after plea acceptance and immediately after movant had been sentenced):

[The Court]: What is the—was the sentence imposed on you the result of a plea bargain, negotiations between your attorney and the State?

[The movant]: Yes.
[The Court]: *Other than the plea bargain, did your attorney communicate any threats or promises to you* to induce you to enter your plea of guilty? (Emphasis added).
[The movant]: *No.* (Emphasis added).