Adolph DANIELS, Appellant,

v.

STATE of Missouri, Respondent.

No. 69085.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 28, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 1996.

Application to Transfer Denied
Sept. 17, 1996.

Dave Hemingway, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for Respondent.

PUDLOWSKI, Presiding Judge.

Adolph Daniels (defendant) appeals the denial of his Rule 24.035 motion for post-conviction relief without the opportunity for an evidentiary hearing. We affirm.

Defendant was charged with a one count class C felony of burglary in the second degree, § 569.170 RSMo 1994, one count class B felony of burglary in the first degree, § 569.160 RSMo 1994, and one count class A misdemeanor of stealing under $150, § 570.030 RSMo 1994. On April 3, 1995, defendant plead guilty to those charges pursuant to a plea bargain.

In open court, defendant was advised of his Constitutional rights and pled guilty to the crimes charged. He responded under oath that he was satisfied with the performance of his counsel and he understood the nature of the crimes with which he was charged. The plea court accepted defendant's plea as knowingly and voluntarily made and rendered sentencing.

Pursuant to the plea bargain, defendant was sentenced to seven years for the class C felony, twelve years for the class B felony and one year for the misdemeanor. These sentences are to be served concurrently in the Missouri Department of Corrections; additionally, a parole revocation hearing is currently pending. Defendant was also ordered to pay $114 to the Aid to Victims of Crime Compensation Fund.

A pro se motion for post-conviction relief was filed on May 5, 1995, and an amended motion by appointed counsel was filed on July 14, 1995. Defendant alleges he was denied effective assistance of counsel during the plea negotiations in that his counsel refused to counter-offer nine to ten years rather than accepting the twelve year plea. The Rule 24.035 motion was denied without an evidentiary hearing.

■ Appellate review of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j). The findings and conclusions of the trial court will be deemed clearly erroneous if upon review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Cooper v. State*, 879 S.W.2d 614, 616 (Mo.App. E.D. 1994).

■ When a defendant alleges ineffective assistance of counsel following a guilty plea, the adequacy of defendant's "representation is material only if ineffective representation has affected the voluntariness and understanding of the plea." *Hemme v. State*, 680 S.W.2d 734, 736 (Mo.App. W.D.1984). Defendant is only entitled to an evidentiary hearing if: (1) he cites facts, not conclusions, which, if true, would entitle him to relief; (2) the factual allegations must not be refuted by the record; and (3) the matters complained of must prejudice the movant. *Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App. E.D. 1995).

■ Defendant claims error in that his counsel refused his request to counter-offer a lower sentence during plea negotiations and demanded that he accept the bargain. At the plea hearing, the defendant was asked a series of questions by the judge in order to ascertain the voluntariness of the defendant's acquiescence in the plea bargain pursuant to Rule 24.02 prior to accepting the defendant's plea.

■ During the plea and sentencing hearings, defendant was asked twice, once under oath, about the performance of his counsel. At both times he stated that he was satisfied with the services he was rendered. He was fully aware of his right to reject the plea and stated he was not forced or coerced in any way in accepting this plea. Once the judge was satisfied that defendant voluntarily and knowingly assented to the plea, the judge accepted the plea and imposed sentence. Adequacy of representation bears only on whether the plea was made voluntarily or knowingly. *Sederes v. State*, 776 S.W.2d 479, 480 (Mo.App. E.D.1989). There is no indication from the record that counsel's representation affected the voluntariness or the understanding of the plea by the defendant.

Defendant alleges he should be granted an evidentiary hearing as a matter of law; yet, he has not met the requisite standard. Defendant claims dissatisfaction with his counsel's failure to fully investigate his case and counsel's refusal to counter-offer a sentence. However, these claims are directly refuted by the record:

**514**

The Court: In representing you did she [defendant's counsel] do the things you wanted her to do?

A. Yes, sir.

The Court: Was there anything she did that you didn't approve of?

A. No, sir.

The Court: Is it fair to say that you're satisfied with the way in which you have been represented?

A. Yes, sir.

Defendant is barred from obtaining post-conviction relief on his claim that counsel was ineffective after he repeatedly assured the court that he was satisfied with counsel's performance and believed counsel had done everything defendant requested. *Hamilton v. State*, 865 S.W.2d 374, 375 (Mo.App. E.D. 1993).

Defendant also is claiming he was prejudiced and, but for counsel's failure to counter-offer, his plea sentence would have been reduced. In order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's ineffectiveness, he would have not pleaded guilty and would have insisted on going to trial. *Gilliland v. State*, 882 S.W.2d 322, 325 (Mo.App. S.D.1994). Defendant never claimed that he would be willing to go to trial rather than accept the twelve year plea bargain on the three counts charged and, therefore, he was not prejudiced in this instance.

We find no clear error in the findings and conclusions of the trial court. Judgment affirmed.

SIMON and HOFF, JJ., concur.